The Chancellok.
The bill is filed to foreclose a mortgage, given by Davis and wife to William Keeney and John E. Halladay, upon real estate in Jersey City, to secure the payment of $3000, with interest, in five years from date. *288 The mortgage bears date on the first of July, 1854, and was duly assigned by Keeney and Halladay to the complainants on the twentieth of July, 1855. By virtue of a judgment recovered against Davis in the Hudson Circuit, on the eighth of August, 1855, all his right, title, and equity of redemption in the mortgaged premises were sold by the sheriff, and a conveyance, in pursuance of said sale, was executed by the sheriff to Ransom, the purchaser, on the fourteenth of June, 1856. On the eighth of April, 1859, Ransom, by deed of bargain and sale, conveyed his interest in the mortgaged premises to Apgar, who now claims to be the owner of the equity of redemption. Apgar alone has answered the bill. By the answer, he insists that the complainants are not entitled to recover, because the bond and mortgage, a foreclosure of which is prayed for in the bill of complaint, “was before the filing of the said bill assigned to William M. Force, by deed of assignment executed by the complainants in due form of law.” It appears, by the evidence, that an assignment of the bond and mortgage to Force was executed by the complainants, but was never delivered. After the debt became due and payable, the bond and mortgage were sent by the complainants to Keeney and Halladay for collection, payment of the mortgage having been guarantied by them. Negotiations were thereupon entered into between the agent of Apgar and the agent of the complainants for the purpose of having the mortgage assigned to Apgar, or to some one for his benefit. The assignment to Force was accordingly executed, and placed in the hands of the treasurer of the corporation, to be delivered, in case the transfer should be approved by Keeney and Halladay, but with instructions that the assignment should not be delivered unless approved by them, they having guarantied the payment. From an apprehension, upon their part, that their guaranty would be binding in favor of the assignee, and upon the advice of counsel, they refused to consent to the assignment to Force; and thereupon the agent of the complainants, in compliance with their instructions, refused to deliver it. It is clear that *289 there was no assignment of the bond and mortgage which divested the complainants of their title to the securities, or of their right to recover upon them.
Hor was there any binding contract for the assignment of the securities which this court could enforce as against the complainants. The securities were placed in the hands of their agent for collection merely. He had no authority to bind the complainants by a contract to assign the securities to their own prejudice or to the prejudice of their assignors, who had guarantied the payment of the mortgage debt.
But if such agreement had been made, and fully established in evidence, it could not be enforced by way of defence to a bill of foreclosure. The contract could bo made available to the defendant only by a bill for specific performance, and not as a defence to a suit for the recovery of the debt.
The complainants, by their bill, seek to recover, in addition to the sum due upon the mortgage, the amount paid by them under the provisions of the charter of Jersey City for the redemption of the mortgaged premises, which had been sold for the payment of taxes for the year 1856. The charter of Jersey City directs that all real estate and chattels situate in the city, both of residents and nonresidents, shall be assessed by valuing the same at its true, full, and fair value, and that the residue of the tax, after deducting the amount raised by the poll-tax, shall be assessed and raised by such per centum on the whole valuation of such real estate and chattels as is required to make such residue. Parmph. Laws (1851) 409, § 44.
In case of the nonpayment of the tax, the charter authorizes a sale of the land assessed, and provides for the redemption of the premises by the mortgagee within a limited period and upon specified terms. It further provides that all moneys paid for the redemption of real estate, together with such taxes and assessments as are paid by a mortgagee, shall be a lien on the said real estate for the amount so paid, with interest, and on foreclosure of any mortgage by the mortga *290 gee redeeming shall be directed to be made out of said lands. Pamph. Laws (1851) 411, § 48.
The complainants, by their evidence, bring themselves within the provisions of the charter, and show their right to a decree according to the prayer of their bill.
But it is insisted, on the part of the defendant, that the provisions of the city charter in regard to assessments of taxes upon real estate are repealed by the general tax law of 1854, so far as the provisions of the two statutes are in conflict, and that, by the provisions of the general tax' law, the mortgagee, and not the landowner, is bound to pay the tax upon the land to the extent of the mortgage debt; and where it has been paid by the landowner, the mortgagee living in another township, he is entitled to have it deducted from the amount due upon the mortgage. It is obvious that the provisions of the city charter and of the general tax law are conflicting and irreconcilable : the former requiring the pay-ment of the tax by the mortgagee, or in case he resides out of the township authorizing the tax to be paid by the landowner, and to be deducted from the amount due upon the mortgage, the latter requiring the tax to be assessed upon the land, the land to be sold for nonpayment; and in case the tax is paid or the land redeemed by the mortgagee, authorizing the amount so paid, with interest, to be recovered out of the land, in addition to the mortgage debt. The provisions of the city charter are not repealed by the general tax law in the absence of express words for that purpose. State v. Branin, 3 Zab. 484; State v. Minton, Ibid. 529; State v. Clark, 1 Dutcher 54.
There is an objection, equally decisive under the general tax law, to the claim of the defendant to have the amount of taxes paid by him deducted from the amount due upon the mortgage. The act of 1854, which subjects bonds, mortgages, and other personal property to taxation, does not operate upon bonds, mortgages, or other choses in action owned by persons who are not inhabitants of this state. State v. Ross, 3 Zab. 517; Dolman v. Cook, Ante 56.
By the express provision of the act, the landholder is not *291 entitled to any deduction from the amount of tax assessed upon his land for any debts due and owing by him to creditors not residing in this state. Nix. Dig. 851, § 8.
At the time of the payment of the tax by the landowner, which is now sought to be deducted from the debt due the complainants, the debt was due and owing to persons not inhabitants of this state; aside from the provisions of the city charter, the claim cannot be sustained.
There must be a reference to take an account of the amount due to the complainants in accordance with the foregoing principles.