BOYNTON

*v.*

SANDFORD'S EXECUTOR.

1. Where a defendant intentionally neglects to make a defence within the time prescribed by law, his application to set aside a final decree in order to let him in to defend, is addressed to the extreme favor of the court, and will not be granted unless it rests in the clearest equity.

2. The fifty-seventh section of the orphans' court act suspends the right of action by creditors for six months, to enable the executor or administrator to examine into the condition of the estate, and to determine on the proper course to take in its settlement. If he permits a suit, commenced before the expiration of the six months, to proceed to final decree, the court is bound to assume, in the absence of proof of accident or inadvertence, that he intended to waive the defence given by the statute.

Boynton *v.* Sandford's executor.

3. A defendant who seeks to set up a defence by grace, and not of right, must show that he has an equitable defence.

4. A decree for a deficiency against an executor will not be set aside because no claim for the debt has been exhibited under oath, pursuant to a rule to bar creditors, where there is no proof that such rule has been granted or even applied for.

Application to set aside final decree and permit the defendant to set up a defence that the action was prematurely brought. Heard on petition and affidavits.

*Mr. J. Frank Fort,* for motion.

*Mr. William Brinkerhoff, contra.*

The Vice-Chancellor.

The only reason urged why the final decree should be set aside is that the action was prematurely brought. It was commenced within less than two months from the time the will was admitted to probate. It is not pretended there exists a good defence on the merits; the defendant does not claim he is able to show that the decree is in any respect inequitable, nor that it does not do full justice to all parties, but he insists that inasmuch as there existed a good technical defence when the suit was brought, which he omitted to make within the time limited by law, it is the duty of the court to set aside the decree that he may make it yet. As it is not shown, nor even claimed, the omission was the result of accident or mistake, it must be assumed it was wilful. The defendant intentionally neglected to set up his defence within the time prescribed by law; his application, therefore, is addressed to the extreme favor of the court, and cannot be successful unless it rests on the clearest equity.

The design of the fifty-seventh section of the orphans' court act (*Rev.* p. 763) clearly appears on its face. It is to enable the person entrusted with the settlement of an

estate to ascertain its value and the debts to be paid out of it, before he shall be compelled to pay the debts. Six months is given to enable the executor or administrator to find out whether the estate is solvent or not, and to determine what course it is necessary for him to adopt in its settlement. In many cases, all this may be fully accomplished in a much shorter period than that fixed by statute. When, therefore, an executor or administrator permits an action, commenced before the expiration of six months from the grant of probate or administration, to proceed to final decree by default, he having been regularly subpœnaed to answer, and having also entered an appearance, as the defendant did in this case, the court, I think, is bound to assume he has had all the time for examination he requires, and that he has intentionally waived the technical defence given by the statute. Though the defendant has been examined as a witness on this application, he does not state he had not fully examined and satisfied himself of the condition of the estate before this suit was brought, nor does he intimate he omitted to set up the defence he now seeks to interpose, through ignorance, inadvertence or accident. It is clear the defendant is not in a position where he has a right to claim the favor of the court.

If the debt is just, an executor or administrator may rightfully refuse to set up the statute of limitations to an action for its recovery. _Pursel_ v. _Pursel_, 1 _McCart._ 514. If he can, without risk of personal liability, let in a debt against creditors, legatees or distributees, which he has the power to defeat, by simply setting up a statutory defence, there ought to be no question about his power to waive the benefit of this statute, which merely relieves him from suit for a short period, to give him an opportunity to look into the condition of the estate and determine on the proper course to be taken in its settlement.

A defendant who seeks to interpose a defence by grace, and not of right, must come with an equitable defence. He

must stand upon a rule of justice, not upon a naked point of law. *Vanderveer's adm'r* v. *Holcombe*, 7 *C. E. Gr.* 555.

It is further insisted, that at least that part of the decree adjudging the defendant liable, in his representative capacity, for deficiency, should be set aside, because no claim for this debt has been exhibited under oath pursuant to a rule to bar creditors. It is enough to say, upon this point, there is no proof that a rule to bar creditors has been granted, or even applied for.

The order to show cause must be discharged, with costs.