JOHN MANNING

*v.*

HENRIETTA L. TUTHILL.

The holder of a first mortgage discovering, during foreclosure, that certain taxes were a lien on the premises, paramount to all encumbrances, entered into an agreement, through his solicitor, with the solicitor of a second mortgagee, that if he, the first mortgagee, would pay the taxes, and the second mortgagee should buy the premises at the foreclosure sale, he should be repaid by the second mortgagee. After such payment, sale and purchase, the second mortgagee refused to refund the amount of the taxes.—*Held*, that the first mortgagee could not be subrogated to the original lien of the township for the taxes, and have the amount paid by him decreed a lien on the lands.

Bill and demurrer.

*Mr. E. A. Day* and *Mr. Geo. S. Duryee*, for demurrants.

*Mr. G. C. Cowart*, for complainant.

THE CHANCELLOR.

The case, stated by the bill, is that the complainant was the holder of the first, and the defendant of the second mortgage on certain land in East Orange, in Essex county; that the complainant had proceeded to final decree and execution, for the sale of the property, in a suit in this court, for foreclosure and sale of the premises to which the defendant was a party by reason of her mortgage, when he discovered that the property was liable to be sold for certain unpaid taxes which were a lien thereon, paramount to his mortgage; that the premises were then advertised to be sold under the execution; that his solicitor apprised the defendant's solicitor of the existence of the tax, and that the land was liable to be sold to pay it; that it was then agreed, between the solicitors, that if the complainant would pay

Manning *v.* Tuthill.

the tax, the defendant would, if she should be the purchaser of the property at the sale under the foreclosure, repay to him the money which he should so pay for the tax, with interest; and that she did buy the property at that sale, for a sum a little more. than enough to pay the amount due the complainant for principal, interest and costs, and now refuses to pay according to that agreement.

The complainant seeks to establish an equitable lien on the property for the money and interest thereon, and, to that end, prays to be subrogated to the rights which the township authorities had for the collection of the tax.

It will have been perceived that this claim is based upon the agreement of the defendant's solicitor, that the defendant would, in a certain contingency—her purchase of the property at the foreclosure sale—repay to the complainant the amount of the tax, with interest. The tax was discharged. It was necessary to pay it for the protection of the complainant's mortgage, and he paid it accordingly. He might have had the amount included in the decree in the foreclosure suit. He did not do so, but chose to rely on the agreement of the defendant's solicitor, that the defendant would, if she should buy the property, repay the money to him. If the solicitor had authority thus to bind his client, the obligation was a legal one. The complainant has endeavored to enforce it at law, and has failed. As between him and the holders of encumbrances subsequent to his, he was entitled to subrogation, in the foreclosure suit, on the payment of the tax; but as against a purchaser at the sheriff's sale, he was not. His claim against the defendant depends entirely on the agreement to repay. From that, no equitable lien arises, nor can any be established upon it. The case, as stated most favorably for him, stands thus: Being compelled, in order to protect his claim under his mortgage, to pay the tax, he refrained from taking steps to obtain re-imbursement in the foreclosure suit, because of the promise made by the defendant's solicitor that she would re-imburse him in case she should become the purchaser. She having

become the purchaser, now refuses to re-imburse him. He sued her at law for the money, and was nonsuited. It is part of his case here, that he cannot recover at law. He then came into this court to compel the repayment, on the ground that the tax was paid for the benefit of the defendant's mortgage claim, as well as his own, and that she agreed to re-imburse him if she should buy the property. He seeks, in fact, to establish a lien on the property, because the payment, though made for his own protection, was, at the same time, incidentally for that of the defendant. Had a stranger bought the property, the claim would not have been made. It would not have been supposed to be capable of being maintained. It rests, then, on the conditional promise to pay. It has been held, at law, that an action against the defendant cannot be maintained upon that promise. If it be conceded that the defendant is legally liable on the promise, though made by her solicitor, then the remedy is at law. The fact that the money paid was paid for the discharge of a tax which was a lien upon the property, would not, of itself, give to the complainant the right of subrogation for repayment. If there had been no promise, there could be no shadow of claim for subrogation. The promise to repay will not give the right.

The demurrer will be sustained.