Rhodes v. Missouri Savings & Loan Co.

---

# T. B. Rhodes and Ellen Rhodes v. The Missouri Savings and Loan Company.

63   77
173s 621
63   77
87   68
88   250
63     77
107   ³454

1. FORECLOSURE PROCEEDINGS—*Taxes Accruing After Filing Bill.*— A decree for taxes paid by a mortgagee and accruing after the commencing of foreclosure proceedings by him, is proper where the mortgage, making it the duty of the mortgagor to pay the taxes, is made a part of the bill, and the prayer is for an accounting and for general and special relief.

2. SAME—*Decrees for Amounts in Excess of that Stated in the Bill.* —·Where a bill filed to foreclose a mortgage states the amount due at the time, it is not error to include in the decree a greater amount, where the increase is the result of the accumulation during the interval between the filing of the bill and the hearing.

3. SAME—*Who can not Object for Want of Parties.*—A mortgagor, defendant in a foreclosure proceeding, can not complain because tenants in possession of the mortgaged premises are not made parties to the decrees where his rights are not injuriously affected by such omission.

4. BUILDING AND LOAN ASSOCIATIONS—*Cancellation of Stock in Foreclosure Proceedings.*—In a proceeding to foreclose a mortgage given to a building and loan association, it is proper to provide by the decree for the cancellation of the stock of the mortgagor where he has been credited with the full withdrawal value of the same in reduction of his indebtedness.

5. FOREIGN BUILDING AND LOAN ASSOCIATIONS—*Doing Business in This State.*—The act of June 22, 1893, prohibiting foreign building and loan associations from doing business in this State, without first making certain deposits, etc., does not prevent such associations from taking additional security for loans made before the act went into effect.

6. USURY—*Building and Loan Contracts.*—Contracts of building and loan associations are not usurious under the laws of this State, although providing for premiums in excess of the legal rate of interest.

**Foreclosure Proceedings.**—Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

T. T. HINDE and C. N. TRAVOUS, attorneys for appellants.

KROME & TERRY, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee, a building and loan association organized under the laws of the State of Missouri, made a loan to appellant on stock held by him in the association, and took a mortgage to secure the same on real estate situated in Illinois. There being default in the payment of interest, premium and dues, a bill was filed to foreclose the mortgage. Issue was joined, hearing had and decree entered for the sum of $10,180.60, from which this appeal is prosecuted, and various errors assigned, as follows:

1. That the bill did not allege payment of taxes by

complainant, and yet the court allowed $122.50 for payment of taxes by complainant after the bill was filed. The mortgage was made part of the bill, which, by its terms, made it the duty of appellant to pay the taxes. On the day of the hearing, appellee requested complainant to pay the taxes, or the land would be sold to pay them. The prayer of the bill was for an accounting and for general and special relief. This relief was consistent with the case made by the bill (Hopkins v. Snedeker, 71 Ill. 452) and under the facts disclosed and the bill as framed, it was not necessary to file a supplemental bill to include such payment of taxes. Brown v. Miner, 128 Ill. 157.

2. It is alleged as error that the bill only claimed there was due $9,836.50, whereas the decree entered was for $10,180.60. This point is not well taken, for the reason the first amount was that due at the time the bill was filed, and the second amount that due at the time the decree was entered. The increased amount was simply the result of the accumulation during the interval between the filing of the bill and the hearing. This was a proper and customary mode of proceeding. The case of Fergus v. Tinkham, 38 Ill. 408, relates to a decree which included interest for seventeen days prior to the time alleged in the bill as the time when the interest began to run, and is therefore not in point. In this connection, it is also urged that it was error to include the dues, premium and fines to the date of the decree and the eight per cent additional to such sums. The eight per cent is expressly provided for by the by-laws under which the loan was made, and the appellant was obliged to pay such dues, premiums and fines, as the means provided by the plan of such associations for maturing the stock on which the loan was made. The mortgage expressly provides that appellee " will henceforth well and truly pay to said company or its successors or assigns, on or before the fifteenth day of each month, the sum of sixty cents as a monthly installment on each $100 of stock above named, and also on the same day the sum of $45 as monthly interest on said loan, and also the monthly sum of $45 as premium on said loan, such pay-

ments to continue until each full share of said stock shall be worth, on the books of said company, the sum of $1,000, according to the by-laws of said company." It is also expressly covenanted that "if at any time default should be made in payment of dues, premium, interest, fines, or either of them, and the same shall remain unpaid for the space of six months, * * * then the whole principal debt shall, at the option of said company, * * * immediately thereupon become due and recoverable."

In this case there was a default for over six months, and the foreclosure was in accordance with the terms and provisions of the mortgage.

3. Appellee objects to the decree because certain tenants in possession were not made parties to the decree. If this was error, appellee could not complain, as his rights are not injuriously affected, the tenants not having a joint interest in the property itself. Brown v. Miner, 128 Ill. 154. But the parties referred to became tenants *pendente lite*, after the bill had been filed and after most of the defendants were served with summons.

4. It is also objected that the decree provides for the cancellation of the shares of stock held by appellee on which the loan had been made and which had been assigned to appellant as collateral security. It will be observed that appellee credited the full withdrawal value of these shares of stock in reduction of the indebtedness, which net credit amounted to $1,432.40. This was the theory on which the bill was framed and to which credit appellee made no objection, and makes none now, but insists, notwithstanding such credit, the stock should not be canceled. This position is not tenable. Appellee can not obtain the benefit of the full withdrawal value of the stock and yet retain it in force. " He can't keep his cake and eat it " at the same time. The effect of this credit to appellee is the same as if he had applied to the company for the withdrawal value of his stock, obtained the money thereon and paid it over to the company in reduction of the indebtedness. No one would claim, in such case, the stock would be retained by appellant, for

to withdraw stock is to cancel it. It is said, in Endlich on Building Associations, Sec. 431, the application of the previous stock payments made by the mortgagor, to the extinguishment of the debt, in case of foreclosure, terminates the membership of the mortgagor in the association, and the obligation to continue payment of dues in consequence of membership ceases. He says further : "The borrower has the right so to apply them, and in the absence of any such application by him, the society may make it. But if neither adopt this method, and the whole debt, as it was in the beginning, undiminished by stock payments, be returned to the society, the stock remains intact, and the borrower continuing to hold it, retains his membership. The course pursued of appropriating the results of appellee's regular payments on his stock and the crediting of their full withdrawal value on his indebtedness, apparently by his consent, necessarily canceled the stock.

5. It is objected that the second mortgage is void under the act of June 20, 1893, prohibiting thereafter such associations doing business in this State, without first making a certain deposit and obtaining a certificate of authority from the auditor of the State. This position is not well taken, for the reason that this mortgage was but additional security for a loan made before that act went into effect, and it is questionable, in an executed contract, whether appellant would be permitted to reap the benefit and then deny the power. Kadish v. G. C. E. L. & B. Ass'n, 151 Ill. 531.

6. It is urged the contract is usurious. It has been repeatedly held in this State, such contracts are not usurious—Holmes v. Smythe, 100 Ill. 420; Freeman v. Ottawa Building Ass'n, 114 Ill. 182; Winget v. Quincy Building Ass'n, 128 Ill. 84—and they are no longer open to discussion on that ground. The decree is affirmed.