### Milton L. Thackaberry et al. v. Louise M. Johnson.

#### Gen. No. 13,030.

1. FORECLOSURE—*when amount paid for taxes properly included in decree.* Taxes paid after the filing of the bill are properly allowed in the decree where they were a lien on the property foreclosed at the time of payment and were included in the stipulation for reimbursement contained in the trust deed.

2. SEAL—*effect of, with respect to consideration.* A trust deed under seal imports a consideration without proof.

Foreclosure proceeding. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 18, 1907.

M. L. THACKABERRY, for appellants.

CHARLES E. WYMAN and DANIEL WEBER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellee filed a bill in chancery in the Circuit Court to foreclose two trust deeds, and all of the disputes here involved arise from transactions occurring at a time when the appellant, Milton L. Thackaberry, was the legal adviser of the appellee and the relation of attorney and client subsisted between them.

On December 2, 1896, Milton L. Thackaberry made his promissory note of that date for the sum of $5,000, payable three years after date, to his own order and by him indorsed in blank, with interest at seven per cent. per annum, payable half yearly, and delivered

the same so indorsed to one Frank Marshall, receiving from him at the time the amount called for by the note. To secure this note he, with his wife, Lizzie O. Thackaberry—then in life, but since deceased—made, executed, acknowledged and delivered unto Frank Marshall as trustee a trust deed in the nature of a mortgage, of even date with the note, conveying certain land in Cook county. Appellee bought said $5,000 note before its maturity of Frank Marshall, who was the legal owner and actual holder thereof. At the maturity of the note, at the request of appellant, Milton L. Thackaberry, appellee extended the time of its payment three years at the reduced rate of five per cent. interest. Interest was paid by Milton L. Thackaberry on this note to December 2, 1904. On November 2, 1899, Milton L. Thackaberry borrowed the further sum of $600 from appellee, for which he gave his note, payable to her order three years after its date, with interest at six per cent. per annum, and paid interest thereon to November 2, 1904. About October, 1899, Milton L. Thackaberry wrote to the husband of appellee, inviting him to come to his office for the purpose of making a loan. Appellee's husband responding to this request called at Thackaberry's office, and Thackaberry told him that William F. Olsen wanted to borrow $2,400 upon the security, by way of an absolute conveyance in form, of two hundred acres of land in Texas, representing that the land was worth between thirty and forty dollars an acre, and that it was rented for an annual rental of $600; also stating that the title to this Texas land was good. Mr. Johnson demurred about taking the Texas land, but offered to let his wife make the loan upon the security of a second mortgage upon the land already conveyed to Marshall as trustee, providing the six hundred dollar note was included in the security, to which Thackaberry consented and made a second trust deed to Marshall as trustee, securing the six hundred dollar note

and likewise the twenty-four hundred dollar note made by Olson to the order of appellee for that sum, payable in six months, with interest at seven per cent. per annum. These last two notes and the second trust deed securing them all bear date November 2, 1899. On the latter note interest was also paid to November 2, 1904.

The master to whom the cause was referred on bill as amended, answer and replication, found all the equities to be with appellee, and recommended that the prayer of the bill be granted, and further found that there was due appellee for principal and interest on said three notes, and for certain taxes paid and redemption from certain tax sales made by appellee, including $150 solicitor's fees in the foreclosure proceeding, the sum of $9,863.96. To the master's report appellants filed objections, which being overruled by the master were refiled as exceptions before the chancellor, who also overruled them, and a decree of foreclosure was entered, pursuant to the terms of the master's report.

Appellants assign errors upon the record, but argue here but one, viz., that the chancellor erred in admitting any evidence relating to the twenty-four hundred dollar note, and in not sustaining appellants' motion to strike it all out, for the reason, as appellants insist, that there was no notice to Olsen demanding payment or evidence that he was insolvent or nonresident, or that Olsen had not paid the note by deeding the Texas land to appellee.

No useful purpose would be served by reciting here the evidence *in extenso*. We will preface what we shall have to say in relation to it with the observation that we are firmly impressed with the correctness of the solution of the conflict in the evidence found in the master's report, and that the facts fully established by the evidence sustain the master's conclusions thereon. The variances alleged between the aver-

ments of the bill and the exhibits and the proof are of the most technical character, lacking entirely in merit, and do not commend themselves to us as being worthy of discussion here.

No question is raised as to the notes in evidence—secured by and described in the two trust deeds also in evidence and the trust deeds themselves—not being the notes of appellant, Milton L. Thackaberry, and William . F. Olsen. It is immaterial whether appellee failed to attach copies of the notes and trust deeds as exhibits to the bill as originally filed, as this defect in technical procedure was remedied by an appropriate amendment. Neither is there any error in the fact that an erroneous indorsement of interest was made upon one note when it should have been made upon another, as such mistake was fully explained by the proof.

Appellants have not made a charge upon the mortgage property any sum not confessedly due upon the three notes secured by the two trust deeds; their rights in this regard have been amply safeguarded.

Neither was the allowance of taxes paid upon the mortgage land by appellee subsequent to the filing of the bill erroneous, because such payment was not averred in the bill. The terms of the trust deed called for such a reimbursement, which, together with the fact that the tax was a lien upon the mortgage property when paid, was sufficient to warrant its inclusion in the amount found due under the prayer for general relief. Rhodes v. Missouri Savings Bank, 63 Ill. App. 77.

Whatever may be said about the contradictory statements in relation to the Texas land, it is beyond dispute that appellee and her husband were both unwilling that appellee should part with her $2,400 to Olsen on the security of the Texas land, about which they had no information save as they received it from Milton L. Thackaberry. Not only were they unwilling to do so, but did not do so, for appellee did not

part with her money to Olsen until after the execution of the second trust deed and in faith of the security which it afforded. Thackaberry was appellee's attorney, and she relied upon him and the security of his Cook county land, and not upon Olson or the security of the unknown Texas land. Thackaberry has made this plain by his actions, and his word cannot now be received in contradiction of such acts solemnly made under seal. He is an experienced lawyer and his client a woman unfamiliar with the technicalities of legal procedure. In view of this relationship and the fact that Olsen's note was secured upon Thackaberry's land, by the act of Thackaberry himself, in faith of which appellee parted with her money, until that debt is paid Thackaberry's land stands primarily liable for that debt to the lien which Thackaberry placed upon it, and so far as he is concerned no demand of payment upon Olsen was a necessary preliminary to its enforcement.

Were the facts at all doubtful, appellants could not successfully interpose the plea of want of consideration. The trust deed under seal imports a consideration without other proof. Hallberg v. Brosseau, 64 Ill. App. 522.

There is no merit in appellants' claimed defenses. The proceedings in the Circuit Court are without error. The decree rendered by the chancellor is right. It ought to be and therefore is affirmed.

*Affirmed.*