# APRIL TERM, 1911.

COMMERCIAL NATIONAL BANK v. GAUKLER.

1. EQUITY — PLEADING AND PRACTICE — SUPPLEMENTAL BILL — MORTGAGES — RELEASE AFTER COMMENCEMENT OF FORECLOSURE.
No necessity exists for the filing of a supplemental bill in foreclosure proceedings, to show a partial payment on the mortgage and the execution of a release of part of the mortgaged premises after the institution of the suit.

2. SAME.
Nor is a supplemental bill required to show the payment of taxes after the filing of the bill, in order to include them in the decree.

Appeal from Wayne; Mandell, J. Submitted February 7, 1911. (Docket No. 136.) Decided April 4, 1911.

Bill by the Commercial National Bank against Josephine Gaukler to foreclose a mortgage. From a decree for complainant, defendant appeals. Affirmed.

*George W. Radford*, for appellant.

*Angell, Boynton, McMillan & Bodman*, for appellee.

This is an appeal from a decree of foreclosure. The record shows that the bill was filed March 28, 1908. Defendant was personally served with process on April 1, 1908, and the bill was taken as confessed April 17, 1908. On the same day complainant received from defendant a payment, in consideration of which it executed a discharge of the mortgage as to part of the mortgaged premises, and thereafter and on May 7, 1908, it filed a supplemental bill of complaint in all respects like the

original bill, except that it set out the fact of the partial discharge. No process was issued or served upon the filing of the supplemental bill. The case remained *in statu quo* for nearly 18 months, when, on October 28, 1909, defendant made a motion to dismiss the cause—

"For the reason that * * * on April 17th, 1908, for a good and valuable consideration, the parties to said cause mutually agreed that the same should be dismissed and discontinued."

This motion was heard upon voluminous affidavits, and counter affidavits, and on November 11, 1909, an order was made denying defendant the relief sought. On the day before this motion was decided defendant filed another motion. The latter motion was for an order setting aside the order *pro confesso*, the grounds set up being:

"(1) Because said defendant did not appear and defend said cause to which she has a good and valid defense, because of her reliance upon the agreement of the complainant to discontinue said cause, made prior to the entry of said order *pro confesso* herein.

"(2) Because no process has been served on the supplemental bill herein."

This motion was likewise denied, and the cause came on to be heard in open court on December 6, 1909, defendant's counsel having been notified of the hearing and being present in court. Upon the hearing, defendant, who had filed an answer to the original and supplemental bills, the default not having been set aside, sought to offer proofs concerning the allegations of the answer. This the court declined to permit except with regard to the amount due under the mortgage. The court said:

"When the matter was before the court on motion for leave to reopen, a statement was made in open court that all you desired was an opportunity to contest the amount. I so understood and determined then that the interest of the defendant would be amply protected and I so stated at the time and determined then that I would permit the defendant to be represented by counsel at the hearing for the purpose of cross-examining the witnesses as to the

amount that was due under the mortgage, and for no other purpose."

Testimony as to the amount due was taken, and complainant's witness was fully cross-examined thereon by counsel for defendant.

BROOKE, J. (*after stating the facts*).  Defendant's position, as defined by her counsel, is as follows:

"It is, on the other hand, contended on behalf of defendant and appellant, that, by the transaction of April 17, 1908, she was entitled, as a matter of fact and agreement, (*a*) to have the bill dismissed, and an extension of time, in order to make an advantageous sale of the remainder of the property mortgaged, in parcels, unhampered by pending foreclosure of the mortgage which did not contain a release clause; and, as matter of law, (*b*) that it was improper for the complainant to take the original bill as confessed, on April 17, 1908, after the transaction of that date; (*c*) that the only way complainant could have proceeded after the transaction of April 17, 1908, was by the filing of a supplemental bill, which should have accurately set up the entire transaction of April 17, 1908, instead of merely changing the description of the real estate so as to exclude the lots released; (*d*) and also that the decree entered must be reversed because it covers taxes which were paid after the supplemental bill was filed, and before they could be included in any decree a new supplemental bill should have been filed; (*e*) that process should have issued under the supplemental bill and defendant given an opportunity to answer after service thereof."

Upon the question of the alleged agreement of complainant to dismiss its bill at the time of the execution of the partial discharge, we have examined the record with care, and conclude that the learned circuit judge made a proper disposition of the motion to dismiss.

Upon the execution of the partial discharge, there was no necessity of filing a supplemental bill.  Had none been filed, the decree of foreclosure would simply have omitted the description covered by the lease.  There was no new or material averment added by the supplemental bill, and

it was unnecessary to issue process thereon. The case of *Harris* v. *Deitrich*, 29 Mich. 366, relied upon by defendant, is not in point, as in that case there was new matter material to the issue set up in the supplemental bill. The other authorities cited by defendant have been examined, but they are not applicable to the state of facts presented in the case at bar.

Defendant presents many authorities to the effect that new matter arising after the filing of the original bill must be brought before the court by supplemental bill, and it is urged that the payment of taxes after the bill was filed and before decree was such a matter. There is no doubt of the correctness of the principle contended for. This court, however, has determined that where the mortgage provides for the payment of taxes, as the one here in suit does, those taxes paid between the filing of the bill and the taking of the decree are properly included in the decree. *Jehle* v. *Brooks*, 112 Mich. 131 (70 N. W. 440), and cases cited.

We find no error in the proceeding, and the decree is affirmed, with costs to the complainant.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.