Complainant sues to foreclose a bond and mortgage for $2,380, dated July 1st, 1924, payable $20 monthly and in full in five years, with interest semi-annually. The bill was filed March 4th, and alleges maturity of the full amount by reason of sixty days' default in installments of principal due August 1st, September 1st, October 1st, November 1st, December 1st and January 1st, and the like default in interest due January 1st, and (by amendment) by reason of default in insuring for the benefit of complainant as mortgagee. The mortgage was in the form set forth in section 1 of the 1918 supplement to the act concerning mortgages (P.L.1918 p. 816), and contained the covenants respectively set forth (and construed) in the succeeding sections of that supplement.
Admittedly, no payment of installment had been made or tendered prior to December 27th, 1924, when a $20 installment was tendered, and December 29th, an additional $100 *Page 521 
was tendered. Both sums were refused and returned on the ground that the whole principle was due, and that nothing less than the full amount would be accepted. Defendant is, and has at all times been, ready and willing to make all the payments accruing due, and deposited the $120 in this court when this suit was commenced.
The substantial defense interposed to the alleged right to foreclose for default in payment of installments of principal (and it is set up also by way of counter-claim for reformation of the bond and mortgage), is that by mutual mistake the bond and mortgage do not correctly set forth the actual agreement of the parties; that such actual agreement was, in fact, that the payment of the installments of principal should commence on December 17th, and, hence (under the facts hereinbefore set forth), there had never been any sixty-day default in the tender of principal installments, nor any default in interest.
The proofs in support of this alleged mutual mistake more than meet the high degree of sufficiency required in such cases; there is not even the shadow of doubt to the contrary. The testimony of defendants, and especially of the attorney who represented them, is clear and convincing; it was not denied by complainant, and the attorney who represented complainant was not called to testify. Moreover, the documentary evidence affords practically incontrovertible corroboration.
The evidence need not be recited. The parties intended that the first installment of principal should be due and payable on December 17th, 1924; that the instruments do not so provide is due to the mutual mistake of both parties and their respective agents; they should be reformed accordingly.
Under the actual agreement of the parties (and the provisions of the bond and mortgage reformed accordingly) there was no sixty days' default in tender of any installment and no default in tender of interest; hence, complainant has no right to foreclose on either of these grounds. *Page 522 
There was, concededly, a failure by defendants to comply with the covenant to insure the mortgaged premises for the benefit of the complainant-mortgagee. Evidence was offered by defendants tending to show a waiver by complainant, and tending to show that their failure had been induced by complainant's conduct. This need not be considered, however, for the reason that under the terms of the mortgage, and under the provisions of our statutes, the defendants' default in this particular gives complainant no right to demand payment or to foreclose.
The covenant in the mortgage in question, under which complainant claims the right to foreclose for default in insuring, is in the language set forth in the first paragraph of section 6 of the 1918 supplement to the Mortgage act (supra). The second paragraph of that section defines the meaning and effect of a covenant in such language, and in so doing omits any and all meaning and effect for, or reference to, the clause relative to default in insuring. The statute, therefore, deprives that clause in the covenant of any effect, and the complainant has no right to foreclose for defendants' failure to insure.
Defendants are entitled to decree, with costs, on the bill, and, also, on their counter-claim. They will be required to pay to complainant the amount of installments and interest unpaid and due under the instruments as reformed, less the amount paid into court, which the clerk will be directed to pay to complainant. The covenant to insure has already been fulfilled. *Page 523