The bill for present consideration is a foreclosure bill filed by the trustee-mortgagee of a mortgage which secures payment of the principal and interest of an issue of coupon bonds. No part of the principal of the bonds is yet due by their terms. By its bill complainant asserts the exercise of an option on its part to declare the entire principal debt due by reason of certain defaults of the mortgagor set forth in the bill, and seeks a decree to foreclose the equity of redemption of the mortgagor and for the sale of the mortgaged premises to recover the entire amount of principal and interest secured by the mortgage. *Page 496 
The present motion to strike out the bill raises the single question whether the defaults specified in the bill were operative to mature the principal of the mortgage.
It may be regarded as settled in this state that default of a mortgagor in the payment of interest or taxes, or in the performance of other covenants of the mortgagor will not be operative to accelerate the date fixed for the payment of the principal debt in the absence of a specific stipulation of the parties to that effect in the mortgage. This was specifically determined in McFadden v. Mays Landing and Egg Harbor CityRailroad Co., 49 N.J. Eq. 176 (at pp. 185, 186), and it does not appear since to have been questioned. That adjudication was upon the well recognized theory that this court can only require the performance of the agreement of the parties, and cannot impose new terms. Also it is there held that such a stipulation must be strictly exercised according to its terms, and further that provisions authorizing the trustees to take possession of and operate or sell the mortgaged premises in case of any default in the performance of any covenant contained in the mortgage is not to be extended by inference to a stipulation accelerating or maturing the time for the payment of the principal debt. When a default exists in the payment of interest it is the privilege of the mortgagee to foreclose the mortgage for the amount of interest in default. Ibid. 184; VanDoren v. Dickerson, 33 N.J. Eq. 388
(at p. 391). In such case a sale of a part of the mortgaged premises may be made to satisfy the decree, should that be found practicable; otherwise the whole is sold and the surplus paid into court. Section 56 of our Chancery act, 1 Comp. Stat.,p. 430. By our statute of 1918 (chapter 226) it is provided that when a covenant in a mortgage which places the burden of the taxes on the mortgagor is broken, the mortgagee is privileged to pay the taxes and add the amount to the mortgage debt, and the amount so paid shall be payable on demand, with interest. Section 3, page 819. By section 5 of the same act a covenant of the mortgagor to keep the buildings insured for the benefit of the mortgagee, if broken, entitles the mortgagee to insure *Page 497 
and add the cost to the mortgage debt; that cost shall be payable on demand, with interest. There appears to be no reason why the present mortgage could not be foreclosed for the moneys so expended; but in the absence of a specific stipulation of the parties that the default shall be operative to accelerate the due day for the payment of the principal it is clear that such default cannot be given that effect. By section 6 of the act referred to, a covenant that the whole of the principal debt shall at the option of the mortgagee become due after default in payment of any installment of principal or interest for a given time, or after default in payment of any tax, water rate or assessment for a given time, privileges the mortgages, after such default for the time specified, to exercise the option to mature the principal debt; but a covenant to mature the mortgage debt by the breach of a covenant of the mortgagor to keep the mortgaged premises insured is not there given effect to mature the principal of the mortgage. See Kapschandi v. Sipos, 98 N.J. Eq. 520.
Section 7 of article 4 of the mortgage here in question provides: "The company [mortgagor] covenants and agrees to comply with all the terms and conditions of a certain first mortgage on said premises executed by Broadway-Stevens Company to the trustees, and duly recorded in the office of the register of deeds of Camden county, and the company covenants and agrees that it will not permit or suffer any default in respect to any of said covenants and conditions of said first mortgage and any default or breach or violation of any term or condition of said first mortgage shall be a default under the terms of this mortgage and vest in the trustee all and every the remedies herein provided for in case of default."
The bill sets forth certain interests and installment payments the mortgagor covenanted to make by the terms of the first mortgage, and the default of the mortgagor in making such payments, and the payment by complainant of the amounts so in default. It is these defaults under the prior mortgage which the bill alleges to have matured this *Page 498 
mortgage under section 7 of article 4, above quoted. By reason of these defaults of mortgagor in payments under the first mortgage, the bill seeks to foreclose this second mortgage for its entire principal with the payments named added thereto.
It is clear that under the section of the mortgage above quoted the defaults of mortgagor under the first mortgage, as referred to in the bill, must be here regarded as "a default under the terms of this [the second] mortgage and vest in the trustee [complainant] all and every the remedies herein [in the second mortgage] provided for in case of default." But neither the second mortgage nor the bonds which it secures contain any stipulation of the parties that such a default shall be operative to accelerate the date stipulated for the payment of the principal of the second mortgage debt, except a certain clause set forth in article 6, section 1 of the mortgage, which clause provides for such acceleration, but requires that a specific, written notice shall be given to the mortgagor before such acceleration can be made effective. The bill does not disclose that any such notice has been given. Article 6, section 1 of the mortgage, under the caption "Remedies of Trustee and Bondholders," provides that in case the mortgagor neglects to pay interest on the bonds or the taxes or fails to comply with any of the various other enumerated obligations imposed on the mortgagor by the terms of the mortgage, including in the enumerations any default on the prior mortgage, "it shall and may be lawful for the said trustee * * * to give notice to the company [mortgagor] in writing that the company has broken the covenants in this indenture of mortgage contained, and that according to its terms the whole of the debt or debts due upon said bonds, principal and interest, shall and will after thirty days be taken and considered to have fallen and become due and payable as of one year before the date of such notice. And unless the company shall within the said period of thirty days make the payment or fulfill and perform the covenants and conditions herein mentioned which may theretofore have been omitted or broken, then, immediately, all *Page 499 
the bonds issued by the company referred to and intended to be secured by this mortgage, principal and interest, shall be taken and considered to have fallen or become due, payable and collectible as of one year before the date of such notice, and may at once be proceeded on at law or in equity."
I think it entirely clear that in the absence of such notice the default of the second mortgage, declared in article 4, section 7, as arising in case of and by reason of a default under the first mortgage, cannot be deemed operative to accelerate the time for the payment of the principal of the second mortgage. Indeed one of the conditions in which the notice is specified to be given is "any default in any of the terms and conditions of the herein recited first mortgage."
It is urged in behalf of complainant that the section above referred to relates alone to proceedings on the bonds, and that the following section (section 2) authorizes foreclosure in case of any default specifically enumerated in the earlier part of the provisions of section 1. In this state in which this property is located and in which the mortgagor is incorporated and in which the mortgage was executed, we have no proceedings on bonds secured by a mortgage until after foreclosure; in such circumstances it becomes impossible to contemplate the provisions as intended for any such impossible purpose. Section 2, however, specifically relates to "like default as provided in the preceding section" (section 1). The default in the preceding section which matures the principal is the default referred to in the latter portion of that section, that is, a default after notice. I think it impossible to attribute to section 2 or to any other section of the mortgage to which attention has been directed, a clear authorization or purpose to accelerate the maturity of the principal debt by reason of a default in anything other than a default in payment of principal without first giving the notice provided for that purpose in section 1. Such a provision must be clear and free from doubt. Ackens v.Winston, 22 N.J. Eq. 444.
Complainant will be given leave to file an amended bill of foreclosure for the recovery of the payments alleged to *Page 500 
have been made to the first mortgagee as well as the amount of any defaults that may exist in the payment of interest under the second mortgage; upon failure to so amend within the time to be specified in the order, the bill will be stricken out pursuant to the present motion. *Page 501