My conclusions relative to the principal issues of this cause were expressed in an unreported memorandum filed on February 28th, 1947.
The subject-matters of present consideration are the exceptions addressed by the defendant Reid to the report of the special master dated October 6th, 1947.
The first and third exceptions may well be considered simultaneously. Error is assigned to the action of the master in failing to credit, against the amount found to be due under complainant's mortgage, the proceeds, of various sales of the mortgaged lots, aggregating $4,000, plus interest calculated to July 8th, 1947, in the sum of $772.12, making a grand total of $4,772.12.
Those proceeds were realized by the Trust Company from the sales made by it, at a time when the perishable short-lived title which it had assumed to possess had been effaced by the execution sale under the judgment of the National *Page 14 
Bank. It will be recalled that the National Bank judgment levy preceded that of the Trust Company, thereby giving the former superiority. Noteworthy, too, is the fact that save in one instance (Klimek), the Trust Company deeds contained its warranty of title.
Two facts emerge clearly from this unusual situation of the parties, one being that the Trust Company deeds were independent of any rights it enjoyed as first mortgagee (that there was no merger is the essence of the decision in the main case); the other, that the Trust Company is answerable, under its warranty, or otherwise, to all of its grantees. Those grantees have failed to interpose any defense or counter-claim in these proceedings, probably upon the assurances of the Trust Company that it will shelter them from loss. Yet the defendant Reid seeks to avail himself of their equities.
The mortgaged premises consist entirely of vacant land which would not appear to be productive of any income. In this situation it is inferred that the Trust Company at no time assumed the status of a "mortgagee" in possession.
On what basis, then, do the exceptions rest? The foundation for the right of a junior mortgagee to compel a senior mortgagee to account has been explained as follows: "The right of a junior mortgagee to compel such an accounting does not rest upon any obligation of the senior mortgagee to him, for there is no contract between them, but it rests solely on the fact that the senior mortgagee is under obligation to the mortgagor to account, and, by reason of his junior lien, the junior mortgagee has the right in equity to stand in the place of the mortgagor and enforce an accounting to the same extent only that the mortgagor could have enforced it." Anglo-Californian Bank v. Field,154 Cal. 513, 517; 98 Pac. Rep. 267.
"One who is possessed of property by virtue of his independent title obviously does not hold as mortgagee, even though he has, or subsequently obtains, a mortgage on the property. He cannot, therefore, be charged with the liability of a mortgagee in possession." 19 R.C.L., "Mortgages," 328 § 103. To the same effect: 36 Am. Jur., "Mortgages," § 263. Cf. McMichael v.Webster, 57 N.J. Eq. 295, 302; *Page 15 41 Atl. Rep. 714. Additional authority: Jones on Mortgages
(7th ed.), § 1118, a; Pom. Eq. Jur. (4th ed), §§ 1215,1218.
It has been held, too, that a mortgagee is not required to account where he is in possession as tenant of the mortgagor.Armstead v. Bishop, 110 Ark. 172; 161 S.W. Rep. 182.
The following cases are apposite in principle: In reRothenberg, 136 N.J. Eq. 530, 533; 42 Atl. Rep. 2d 767: "A purchaser at the foreclosure sale, whether the mortgagee or a stranger, takes title free of equities of mortgagor." The mortgagor has no interest in the price which the purchaser receives on a resale. A similar conclusion was adopted inBerman v. One Forty-five Belmont Ave. Corp., 109 N.J. Eq. 256,261; 156 Atl. Rep. 830; affirmed without opinion, 112 N.J. Eq. 171; 163 Atl. Rep. 893; Wyckoff v. Holmes, 82 N.J. Eq. 536;88 Atl. Rep. 832.
Implicit in the cases just cited is the important circumstance that the resale was made advantageously. Can it be said that in the present position (a difficult one), in which the Trust Company finds itself, it has made an advantageous resale? This is aside from the main equitable consideration of the relative rights of the parties.
I am unable to recognize any equity in the claim of the defendant Reid to avail himself of said proceeds. Cf. Lydecker
v. Bogart, 38 N.J. Eq. 136.
The first and third exceptions are overruled.
The second exception challenges the action of the master in allowing complainant to add to the amount due on its mortgage, the sum of $1,652.64, representing municipal taxes assessed against the mortgaged premises, and paid by the complainant.
The objection to said allowance is two-fold: (1) there is no provision in the complainant's mortgage conferring upon it the right to pay such taxes and to have same added to the principal sum due thereunder; and (2) there is no claim in complainant's bill for the allowance of this item.
True, the mortgage held by the complainant does not contain an express covenant to pay taxes, which would allow the mortgagee, by force of the provisions of R.S. 46:9-3; N.J.S.A., to do so, when the owner (mortgagor) breaches his *Page 16 
covenant. In Camden Trust Co. v. Handle, 132 N.J. Eq. 97, 107;26 Atl. Rep. 2d 865, such a covenant was present.
In view of the authorities hereinafter noted, I deem it unnecessary to consider the effect of the phrase in the defeasance clause of the mortgage, which reads in part, "* * * without any deduction or defalcation for taxes, assessments, or any other imposition whatsoever * * *" and also the covenant by the mortgagor that he "shall not nor will apply for, or claim, any deduction, by reason of this mortgage from the taxable value of the said lands and premises * * *." That covenant is designed to deny the owner of mortgaged premises a right of credit for taxes paid, as provided for in R.S. 54:4-33; N.J.S.A.; Arco Co.
v. Hawthorne Fuel and Ice Co., 135 N.J. Eq. 315; 38 Atl. Rep.
2d 290; affirmed without opinion, 136 N.J. Eq. 514;42 Atl. Rep. 2d 563.
"It is the duty of a mortgagor to pay taxes and municipal liens and to keep down prior encumbrances." Stewart v.Fairchild-Baldwin Co., 90 N.J. Eq. 139; 106 Atl. Rep. 406;
reversed on another ground, 91 N.J. Eq. 86; 108 Atl. Rep. 301;Am. Eng. Encycl. (1st ed.), "Mortgages," 814; 27 Cyc.,"Mortgages," 1253; 19 R.C.L., "Mortgages," § 180.
 36 Am. Jur., "Mortgages," 860, 861 § 341: "Ordinarily, taxes assessed on the mortgaged premises should be discharged by the mortgagor and the mortgagee is held to be entitled to have the security of the mortgage debt preserved against loss or a diminution in value by reason of obligations owed by the mortgagor for taxes.
"Abundant means have been provided to protect the rights of mortgagees in relation to taxes against the encumbered property. Thus, the general rule is well settled that a mortgagee who to protect his interest in the mortgaged premises, pays taxes or special assessments thereon, which the mortgagor is under a duty to pay, is entitled to be reimbursed for the amount so paid and may add it to the mortgage debt, whether the payment is made directly, or by way of redemption from a tax sale or extinguishment of a tax title." Citing 84 A.L.R. 1366, s.123 A.L.R. 1248. To the same effect are Stonington Bank v. Davis,14 N.J. Eq. 286; Farmer *Page 17 
v. Ward, 75 N.J. Eq. 33; 71 Atl. Rep. 401; Pennsylvania Co.,c., v. Broadway-Stevens Co., 105 N.J. Eq. 494;148 Atl. Rep. 575; Bluestone Building and Loan Association v. Glasser,117 N.J. Eq. 392; 176 Atl. Rep. 314.
"Provisions in mortgages authorizing payments by mortgagees of taxes and special assessments on mortgaged property, or the amount necessary to purchase at or redeem from a tax sale, and the addition of the amount thereof to the mortgage debt, are generally regarded as valid and as merely reiterating a right which would exist without the provision." 36 Am. Jur., supra, §342.
In the face of these authorities, no substantial basis for the objection to the report in this respect is apparent.
There yet remains for consideration the circumstance that the bill of complaint does not seek reimbursement for the taxes paid to protect the lien of complainant's mortgage.
Initially it is noted that the payment of the taxes has been established. (Special master's report, pages 13-15, testimony of Mr. Kress.) Application for leave to amend the bill to include a claim for the taxes paid has been made. I am inclined to grant the application but, technically speaking, I would suppose that if the taxes were paid since the cause was commenced, a supplemental bill would be proper. Such would be in consonance with the recognition of an equity (subrogation, or a species of subrogation) which is designed to promote natural justice. Cf.Manning v. Tuthill, 30 N.J. Eq. 29.
"Taxes paid after filing of the bill to foreclose and before the decree of foreclosure, are properly included in the decree.Thackaberry v. Johnson, 131 Ill. A. 463; affirmed, 228 Ill. 149; 81 N.E. Rep. 828; Commercial National Bank v. Gaukler,165 Mich. 403; 130 N.W. Rep. 655." 42 C.J., "Mortgages," § 1743, n.84 (a).
"Where a mortgagee, suing for foreclosure, pays taxes on the premises after the filing of the bill, the amount thereof may properly be allowed to him in the foreclosure decree, under the prayer for general relief, the contingencies which would justify such payment having been set forth in the bill; that is, it will not be necessary for him to file a supplemental *Page 18 
bill. Loewenstein v. Rapp, 67 Ill. App. 678; Rhodes v.Missouri Sav., c., Co., 63 Ill. App. 77; Brown v. Miner,21 Ill. App.? 60; affirmed, 128 Ill. 148; 21 N.E. Rep. 223; Jehle
v. Brooks, 112 Mich. 131; 70 N.W. Rep. 440; Barnwell v.Marion, 60 S.C. 314; 38 S.E. Rep. 593." 27 Cyc., "Mortgages,"1258, n. 36.
The case of Schatt v. Grosch, 31 N.J. Eq. 199, cited by the defendant Reid, is inapplicable for two reasons: (1) it involved the duty of a mortgagee in possession to account for rents, issues, and profits; and (2) the tax sale certificate which was redeemed by the mortgagee in possession was void because the property was struck off for a period not warranted by law. In such case, the disbursement cannot be recognized as a meritorious allowance.
I am accordingly obliged to overrule the second exception.
If my recollection is not faulty, the fourth and fifth exceptions were not argued. At any rate, the proofs abundantly establish the consideration for the mortgage, as well as the balance reported by the master to be due upon complainant's mortgage.
All exceptions are accordingly overruled.