Schatt *v.* Grosch.

HENRY SCHATT

*v.*

AUGUST F. GROSCH and others.

The charter of the city of Elizabeth of 1863, § 73, provides that any taxes thereafter assessed on lands shall be a lien for two years, paramount to any encumbrance thereon; and, by § 83, such lands may be sold for the lowest term of years (but in no case exceeding *fifty years*) for which any person will take the same and pay the amount of the taxes and charges; and, by another clause of § 83, such lands, if not bid for when offered at public sale, shall be struck off to the city for the term of *fifty years*. By a supplement of 1873, the limitation as to time contained in the *first clause* of § 83, is repealed. For non-payment of taxes for 1872, 1873 and 1874, on certain lands, they were struck off to the city in each year for a term of *nine hundred years*. The complainant's mortgage on the premises, was given in January, 1872, and a second mortgage thereon in June, 1872. The second mortgagee redeemed the lands, in July, 1875, by paying the taxes and charges and interest up to that time, took possession, and afterwards paid the taxes for 1875, 1876 and 1877, and collected the rents.—*Held,*

(1) That the sale to the city, because it was for a term (nine hundred years) unauthorized by law, was void, and that the second mortgagee could derive no title therefrom.

Schatt v. Grosch.

(2) That the second mortgagee must account for the rents and profits, to the end that it may appear whether anything is due to it for taxes paid. In the account, it will have credit for necessary repairs, and for any balance in its favor it will be entitled to a lien paramount to the complainant's mortgages. If there shall appear to be a balance in its favor, after charging it with all taxes assessed, though not paid, the balance will be credited on its mortgage. In the account, as between it and the complainant, it will not be allowed for insurance premiums paid by it for its own security merely. Interest on taxes paid by it when it went into possession, and subsequently thereto, will be allowed at the lawful rate, i. e. at seven per cent. per annum up to July 4th, 1878, and six per cent. afterwards; and allowance will be made for interest paid by it on taxes which were a lien when it went into possession, but not at a rate exceeding that fixed by the charter on taxes paid before sale.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. S. Atwater*, for complainant.

*Mr. T. F. McCormick*, for the building and loan association.

THE CHANCELLOR.

The questions presented for decision are, whether the building and loan association, which is the holder of a mortgage subsequent to those of the complainant, is entitled to priority over the latter for money paid for taxes assessed upon the mortgaged premises by the city of Elizabeth subsequently to the making of the complainant's mortgages; and, if so, what rate of interest the money should bear. The complainant's mortgages are dated January 1st, 1872. One is for $4,500 and interest, and the other for $600 with interest. The former was recorded January 20th, 1872, and the latter May 3d in that year. For non-payment of the taxes of 1872, 1873 and 1874, the premises were sold by the city and bid in by it each time for a term of nine hundred years. The building and loan association (its mortgage is dated

Schatt v. Grosch.

June 26th, 1872) redeemed them, on the 29th of July, 1875, by payment of the tax and costs of sale, with interest on both at fifteen per cent. per annum, taking from the city a declaration of sale for the taxes of 1872, and a certificate of sale for the taxes of each of the two following years respectively. It subsequently paid the taxes of 1875, 1876 and 1877. It took possession under the declaration of sale, and had collected $295.75 of the rents of the mortgaged premises up to the time when the testimony in the cause was taken.

The charter of the city of Elizabeth (*P. L. 1863, p. 109* § *73*) provides that any assessment of taxes thereafter made upon any lands and real estate in the city, shall be and remain a lien on such land and real estate, with interest thereon, and all costs and fees, for the space of two years from the time when such assessment shall be made, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereof, &c. By a supplement to the charter (*P. L. 1869, p. 1093*), it is enacted that all assessments for taxes shall be a lien on the lands and real estate bound by such assessments, from the day in each year when the duplicates are delivered to the receiver of taxes, and shall, with the interest and expenses accruing thereon, remain a lien thereon for the space of four years, unless sooner paid or discharged by the sale of the lands and real estate. The taxes assessed upon the property were a lien thereon paramount to the complainant's mortgages when the sales were made, and, if the sales had been duly made pursuant to the provisions of the charter, the title would have been paramount to those mortgages. *Trustees of Public Schools* v. *City of Trenton, 3 Stew. 667*. But they were not legal. At each of them, the property was struck off to the city for a term of nine hundred years, while fifty years was the term fixed in the charter.

The charter (*P. L. 1863, p. 109* § *83*) provides that, if any tax or assessment remain unpaid on the day specified in the notice, the city treasurer shall proceed to sell, by public

auction, at the time and place appointed therein, the lands and real estate on which the tax or assessment shall have been imposed or may be a lien, for the lowest term of years, but in no case exceeding fifty years, for which any person will take the same and pay the amount of the tax or assessment, with the interest thereon, and all costs, fees, charges and expenses; that such payment shall be made before the conclusion of the sale, and that, if not so made, the treasurer may resell the property, or the city may have its action against the purchaser for the payment and interest at the rate of fifteen per cent. per annum; that the sale may be adjourned, from time to time, until the lands and real estate are disposed of, and such as are not bid for when offered for sale or for resale, shall be struck off to the city for the term of fifty years. By the eighty-fifth section it is provided that, if the city becomes the purchaser, the certificates shall be assignable. By a supplement (*P. L. 1873, p. 778 § 22*), it is enacted that the portion of the first clause of the eighty-third section which limits the term for which real estate may be sold for taxes and assessments to fifty years, be amended by the repeal of the limitation, and that, thereafter, such sales be made for the shortest term for which any bidder at the public sale will take the property and pay the taxes or assessments, and interest, costs and charges thereon. By this supplement, the provision in the charter limiting the term for which the property may be struck off to the city was not affected. When, therefore, the property was, for want of a bidder, struck off to the city for nine hundred years, it was struck off for a term not warranted by law. The sale was void, and no title passed.

The building and loan association must account for the rents and profits while it has had possession of the mortgaged premises, to the end that it may appear whether anything is due to it for taxes paid. In the account, it will have credit for necessary repairs, and, for any balance in its favor, it will be entitled to a lien paramount to the complainant's mortgages. If there appears to be a balance in

its favor, after charging it with all taxes assessed, though not yet paid, the balance will be credited on its mortgage. In the account, as between it and the complainant, it will not be allowed for insurance premiums paid by it for its own security merely. Interest on taxes paid by it when it went into possession, and subsequently thereto, will be allowed at the lawful rate, *i. e.* at seven per cent. per annum up to the 4th of July, 1878, and at six per cent. after that time. Allowance will be made for interest paid by it on taxes which were a lien when it went into possession, but not at a rate exceeding that fixed by the charter on taxes paid before sale. The association has no valid claim to the rents and profits under the declaration or certificates of sale, for, as before stated, they passed no title.