$$\frac{63}{70} \quad \frac{243}{427}$$

ELIZABETH ELVINS ET AL., DEFENDANTS IN ERROR, v. THE DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY, PLAINTIFF IN ERROR.

Submitted March 27, 1899—Decided June 19, 1899.

1. In a suit brought by the owner and mortgagor of lands against a trespasser, before suit brought by the mortgagee, the owner is entitled to recover compensation for the entire damage done to the premises, and such recovery will be a bar to a subsequent suit by the mortgagee, but the court will so exert its equitable powers to control the disposition of the sum recovered that no injustice may be done.

2. When the mortgagee institutes a suit he is entitled to recover such a sum as will compensate him for the injury done to the mortgage as a security, and in an after suit by the owner of the fee against the trespasser, the latter may give in evidence the recovery by the mortgagee in mitigation of damages.

3. A witness may be permitted to testify to the value of shade and ornamental trees to a lot of land, provided it is made to appear that he has acquired special knowledge of the subject.

On error to the Supreme Court.

For the plaintiffs in error, *David J. Pancoast.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration in this case charges the defendant company with breaking and entering the plaintiffs' close and mutilating and cutting a number of shade and ornamental trees.

The writ of error is prosecuted to review the judgment rendered for the plaintiffs in the trial court.

The plaintiffs owned the premises in fee on which the trees stood, subject to a mortgage. The defendant offered to prove that at the time of the alleged trespass the mortgage exceeded the value of the property, and that the mortgage had been subsequently foreclosed and the premises sold pending this

suit for much less than the mortgage debt. The court excluded this evidence, and instructed the jury to find a verdict for the plaintiffs for the full amount of damage done.

This is assigned for error. There can be no question that the owner of the fee in possession of real estate can maintain an action of trespass *quare clausum fregit,* although it is encumbered by mortgages.

It has also long been the accepted law in this state that a mortgagee may maintain an action against the wrongdoer for an injury to the mortgaged premises. *Jackson* v. *Turrell,* 10 *Vroom* 329; *Schalk* v. *Kingsley,* 13 *Id.* 32.

The question of difficulty arises in ascertaining the rule of damages to be applied to such cases.

In the case now under review the mortgagor under the direction of the trial court recovered compensation for the entire damage done by the trespass; and if the trespasser, after satisfying this judgment, is still subject to a suit by the mortgagee in which a like amount may be recovered and made out of his property, it is obvious that great injustice has been done, and that the correct legal rule could not have been applied in this cause.

But to the assumption that this liability exists on the part of the defendant to the mortgagee, and that the trial court is without power to furnish adequate protection to the trespasser, we cannot assent.

In *Jackson* v. *Turrell,* 10 *Vroom* 329, which was a suit by a second mortgagee, Mr. Justice Dixon said that "the damages recoverable are to be measured by the injury to the mortgage as a security; and if it be doubtful whether the damages should not go to the first mortgagee, the court will exert its equitable powers to control the disposition of the fund so that no injustice may be done."

In *Martin* v. *Franklin Fire Insurance Co.,* 9 *Vroom* 140, it was declared that a like equitable power inhered in the trial court.

In the later case of Schalk *v.* Kingsley a like remedy was accorded to the mortgagee, and it was adjudged that his

damages were to be measured by the diminution in the value of his mortgage.

When the mortgagee has instituted the prior suit and recovered his damages, as he may, there is no difficulty about the rule. The owner may still maintain an action for the injury, and the trespasser can protect himself by giving in evidence the recovery by the mortgagee in mitigation of damages.

The owner has suffered damage to the full extent of the injury, but his claim has been satisfied *pro tanto* by payment to the mortgagee for his loss.

But when the owner alone sues and the case goes to trial upon the issue therein joined, the damages must be commensurate with the loss which falls upon the land by reason of the wrongful act. The damage committed upon the *locus in quo* is none the less because it is encumbered by a mortgage. The owner suffers to the extent of the entire loss. His premises are diminished in value to the full amount that will compensate for the injury. He is entitled to redeem the mortgage, and he may compel the wrongdoer to restore to him all that he has destroyed and deprived him of.

In Massachusetts, by force and effect of the mortgage, the legal estate vests at once in the mortgagee, and there the mortgagee recovers the full amount of damages done to the mortgaged premises. *Gooding* v. *Shea,* 103 *Mass.* 360; *Byrom* v. *Chapin,* 113 *Id.* 308; *Page* v. *Robinson,* 10 *Cush.* 99.

The damages must be a recompense for the injury done to the property. *Thompson* v. *Morris Canal Co.,* 2 *Harr.* 480; *Berry* v. *Vreeland,* 1 *Zab.* 183.

When the owner sues, the property injured is the tract of land, and when the mortgagee is the plaintiff the property injured is his mortgage. In either case the entire injury to the property of the plaintiff is recovered.

When the mortgagor of chattels prosecutes a stranger for taking the mortgaged goods, the established rule of this court is that he is entitled to recover their full value without regard to the mortgage; he must recover all the damages that both

mortgagor and mortgagee can claim, and it necessarily constitutes a legal bar to further recovery by either. *Luse* v. *Jones,* 10 *Vroom* 707.

No reason appears why a different rule shall prevail when the action is for trespass upon lands.

The right both of the mortgagor and mortgagee to seek redress in a court of law being conceded, the equitable power must reside in the court, in a just administration of the law, to control the judgment and proceedings in such a way that the amount recovered shall be appropriated to satisfy the demands of each in accordance with their respective rights, and with the rights of the defendant wrongdoer.

There was, therefore, no error in this regard in the trial below.

A further objection to the legality of the proceedings on the trial is that William A. Elvins, a witness produced on the part of the plaintiff, was permitted, notwithstanding objection to his evidence, to testify to the value of the shade trees.

This evidence was excepted to by the counsel of the defendant on the ground that it was incompetent, and it is now insisted that it was inadmissible because it was not a subject for expert testimony, and if it was a matter upon which expert testimony could be received, that the witness did not appear to be possessed of the requisite knowledge to qualify him to testify as an expert.

It certainly requires some special knowledge to be able to estimate the value of trees.

If they are to be cut into cordwood, the witness must have some experience to enable him to say how many cords they will make. Whether they can be more profitably disposed of for cabinetmaking purposes, for railroad uses, or to the carriage builder, requires still more experience.

The value of trees as shade trees cannot be so accurately computed as their value for commercial purposes, but still that value depends upon the size and variety of the trees, their location on the premises, the time it takes to grow them and the price which well-shaded residence lots in the same

locality have commanded during a period of years, in excess of lots as well situated, but without the attraction of shade or ornamental trees. Such special knowledge, not ordinarily possessed, might be acquired by a real estate agent or by an experienced landscape gardener, and it would be within the domain of expert knowledge qualifying a witness to give evidence of his opinion as to values.

Before the witness was permitted to testify to the value of the trees, he was asked whether he had any knowledge of the value of real estate around Hammonton, to which he replied, " Yes, some."

He was then asked whether he knew anything about trees, to which he answered, " No, I don't know as I know much about them."

It did not appear that he knew anything about the prices at which real estate had been sold, or about its value, or that he had any knowledge of the subject which was not possessed by everyone in that locality.

While in respect to expert testimony it is somewhat within the discretion of the trial judge whether a witness shall be allowed to give his opinion (30 *Vroom* 189), still to render such testimony competent it must be made to appear that the witness has some special knowledge of the subject. In this case there was an entire absence of any fact to show that the opinion of the witness was entitled to be regarded as evidence. Farmers and landowners may have some special knowledge of the value of real estate in their locality, but that does not imply ability to estimate the cost of erecting a dwelling-house or the value of trees as shade or ornamental trees.

It was error, therefore, in the trial court to allow the witness to testify as to the value of the trees as shade trees, and for that reason the judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, COL-LINS, DIXON, GARRISON, GUMMERE, LIPPINCOTT, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VRE-DENBURGH. 13.