MOSES VAN NESS, DEFENDANT IN ERROR, v. NEW YORK AND NEW JERSEY TELEPHONE COMPANY, PLAINTIFF IN ERROR.

Submitted June 24, 1909—Decided November 15, 1909.

1. That a witness has bought and sold real estate in a township which embraces the *locus in quo* is not sufficient to qualify him to testify as an expert to the damage suffered by the cutting of a shade tree standing along the sidewalk in front of an improved lot of land, for it discloses no special knowledge concerning the subject-matter upon which he is asked to give an opinion as an expert.

2. A landlord cannot maintain an action in trespass for injuries to land which is in the exclusive possession of his tenant; his action should be in case, not trespass.

---

On error to the Passaic County Circuit Court.

For the plaintiff in error, *E. A. & W. T. Day.*

For the defendant in error, *Ward & McGinnis.*

The opinion of the court was delivered by ·

BERGEN, J.   The defendant below cut down a shade tree standing along the sidewalk near the boundary, but within the lines of plaintiff's property, for which alleged wrong to his freehold he brought this suit.   The action was styled in tort, and the declaration charged a trespass.   The plaintiff had a verdict for $400 and entered judgment thereon, which this writ of error challenges upon two grounds, viz.: The admission of expert testimony by a witness not shown to be qualified to give an expert opinion, and also. for refusing to nonsuit, upon the ground that the declaration was in trespass instead of trespass on the case.   The facts are not in dispute, and they show that plaintiff was the owner of the land on which the tree stood; that the land was in the exclusive possession of a tenant when the tree was cut, and that the defendant cut the tree.

The exception to the admission of the expert testimony was based upon the following circumstances: A witness, son of the plaintiff, was asked, "In your opinion can you tell us what damage, if any, was caused to that property by the destruction of that tree, about how much?"   To this question timely objection was made, upon the ground that it did not appear that the witness was qualified to give expert testimony, but the court overruled the objection saying, "He says he has bought and sold property in Wayne township," which was the township in which the *locus in quo* was situated.   The court correctly stated all the qualification, as an expert, the witness was shown by the testimony to possess concerning the subject-matter about which he was allowed to express an expert opinion, the court having held the testimony to be competent, the answer of the witness was, "Well, I should think $500."

That a witness had bought and sold land in a township did not qualify him to give an expert opinion as to the extent a particular lot of land in the same township was damaged by

the cutting of a shade tree standing along a sidewalk in front of the lot. To qualify one as an expert witness there must be some proof that he has some special knowledge of the subject about which he is called upon to express an opinion. The knowledge may come from experience in, or study of, the matter, but there must be something shown to justify the conclusion that he has some special knowledge to make his opinion of any value. So far as appears none of the land dealt in by the witness had a single shade tree on it, and the opinion he ventured was nothing more than an estimate without any special knowledge upon which to base it. Special knowledge of the value of real estate in a given locality does not imply ability to estimate the value of ornamental or shade trees. While considerable latitude is always allowed to the trial court in determining whether or not a witness has qualified as an expert, there must be some evidence to support the conclusion reached, and as there was none in this case, the witness was not competent to give the testimony admitted. *Elvins* v. *Telephone Company,* 34 *Vroom* 243; *Pennsylvania, New Jersey and New York Railroad Co.* v. *Schwarz,* 46 *Id.* 801. The admission of this evidence was an error which requires the reversal of this judgment.

While this disposes of this case, we have, in view of a possible retrial, considered the other question. The long-established rule in this state is that to maintain an action in trespass for damages to real estate, the plaintiff must be in possession when the right of action accrued, for the action is for injury to the possession.

In *New Jersey Midland Railway Co.* v. *Van Syckle,* 8 *Vroom* 496, the railway company entered upon Van Syckle's land and constructed its railroad on it. A tenant was in exclusive possession when the entry was made. The owner brought suit in trespass and Mr. Justice Scudder, speaking for this court, having first determined that the contract between the owner and Boss, the tenant, was a lease that conferred upon the tenant, the then occupant, exclusive possession, said: "If this be so, Van Syckle could maintain no action for trespass on these lands during Boss' term, and there

was error in the charge to the jury, that possession of the premises remained in him." This case has never been overruled or questioned by this court, although the defendant in error claims that it was, in *New York, Lake Erie and Western Railroad Co.* v. *New Jersey Electric Co.*, 31 *Id*. 338; affirmed on the opinion of Mr. Justice Lippincott by this court, 32 *Id*. 287, but the latter case has no such effect, for there the controversy related to the right of a bailor to recover for injuries to personal property, caused by a third party, while it was in the hands of the bailee, in which case a different rule prevails.

In *Campbell* v. *Arnold*, 1 *Johns.* (*N. Y.*) 511, suit was brought in trespass to recover for injuries to the freehold, the charge being that defendant entered upon plaintiff's land and cut down and took away thirteen pine trees. The testimony disclosed that the tenant of the plaintiff was in actual possession paying rent, and the court held that there must be a possession in fact to support trespass for such injuries, and that a general property, in the case of real estate, is not, as in the case of personal property, sufficient to support an action in trespass.

The case of *Starr* v. *Jackson*, 11 *Mass.* 518, was vigorously pressed by defendant in error as laying down another and more reasonable rule, but it is enough to say that the learned discussion by Chief Justice Parker in that case was reported many years before the *Midland Railway case, supra,* was decided by this court, in determining which this court followed substantially the rule adopted in *Campbell* v. *Arnold, supra,* and both cases were then, undoubtedly, considered by this court.

We think that the action cannot be sustained under the proofs presented. The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 15.