ESSEX COUNTY ORPHANS COURT.

IN THE MATTER OF THE ASSIGNMENT OF RAFFAELLA CECIRE FOR THE BENEFIT OF THE CREDITORS.

Decided September 14, 1931.

For the assignee, *Milton M. Unger.*

For the claimant, William C. Salmon, trading as Henry Salmon & Son, *King & Vogt* (by *Elmer A. King, Jr.*).

HARTSHORNE, J. Application has been made to the court to give to one creditor, William C. Salmon, trading as Henry Salmon & Son, the bulk of the estate as a priority.

This priority is alleged to rest upon the facts that Salmon had filed a mechanics' lien claim and obtained judgment thereon, specially against the land and buildings and generally against the owner, the insolvent, prior to the destruction of the owner's buildings by fire, the destruction of which was in turn prior to such owner's assignment for the benefit of creditors. Such lien claimant creditor claims that the fire insurance proceeds paid the assignee are substituted for the land and buildings and therefore subject to his statutory lien.

This claim is resisted by the assignee on behalf of the other creditors.

There seems to be no authority on this point in this state while a conflict of authority appears to exist in other jurisdictions.

The basis of the claim for the priority is the doctrine of equitable conversion. Regardless of the fact that this is not a court of equity but of law, the claim would appear unsound

on general principles. In the first place, the Mechanics' Lien act expressly gives the lien on "such building and on the land whereon it stands." Since the statute is in derogation of the common law, it must be strictly construed so that such lien could not be enlarged to cover anything else than the land and buildings.

Insurance proceeds, the cash performance of a personal contract (*City of Norwich,* 118 *U. S.* 468), clearly are not land and buildings. Not even a mortgagee can recover on an insurance policy taken out by the owner, unless a mortgagee clause exists for his benefit. Insurance proceeds are therefore quite outside of and additional to the land and buildings of the owner, constituting as they do moneys which would not have come into existence had not the owner obligated himself personally by the insurance contract. The true rule is well set forth in the case of the *Imperial Elevator Co.* v. *Bennett,* (*Minn.*), 149 *N. W. Rep.* 372, where the court differentiates the instant situation from that where the exercise of a testamentary power or the power of the court has deprived the lienor of the property upon which his lien rests. Ordinarily the doctrine of equitable conversion is applied merely to reconvert, in the eye of the law, into its original form, that which the applicant was first entitled to. Here the original form, or source, of the insurance proceeds was not the land and buildings but the premiums paid by the insured assignor—cash, which, if not so used, would have been subject to the *pro rata* claims of the creditors generally.

The priority claim of William C. Salmon, trading as Henry Salmon & Son, will therefore be overruled and an order may be entered accordingly.