The bill is to foreclose two concurrent lien mortgages of $55,000 each, on an apartment house; one a building and loan mortgage, the other, of the common type. Samuel Litwin, the holder of a $21,000 second mortgage, counter-claims that he paid the municipal taxes on the mortgaged premises for the years 1929 to 1930 and prays a prior lien by way of subrogation.
The mortgage of the complainant and the mortgage of Litwin were made by the Cimirro Construction Company in December, 1928, under these circumstances: Before 1928, the complainant held a mortgage for a large amount, and Litwin a second mortgage, made by the Cimirro company on the same premises. Both the complainant and Litwin commenced foreclosure proceedings and each took a decree. The property was sold under Litwin's decree; he became the purchaser *Page 9 
and started at once to refinance his purchase. He induced the complainant to extend the loan of $110,000, giving his personal bond as collateral security for $10,000 thereof. He then reconveyed the property to the Cimirro Construction Company; that company executed to the complainant the mortgages presently in suit and the one to Litwin to cover his past debt and the additional money advanced by him to clear the premises of all other liens. Six months later Litwin filed his bill to foreclose his mortgage and, on June 25th, 1929, a rent receiver was appointed upon his application. The receiver and Litwin took possession and together collected the rents, using them to carry the plant, the upkeep and the overhead. The rents were insufficient, and the deficiency was supplied by Litwin until January, 1931, when he sought of the complainant a suspension of the payment of monthly installments of principal on its building and loan mortgage, and, being refused, himself suspended payment, whereupon the complainant filed this bill, and had a receiver appointed, to whom Litwin and his receiver surrendered possession. During the period of Litwin's occupancy, and that of his receiver, he regularly paid the interest on the complainant's mortgage, the monthly dues on the building and loan mortgage and the taxes for 1929 and 1930. His income from rents was approximately $19,000, his outlay over $36,000, and his contribution more than $16,000. His possession and these payments were solely to protect his second mortgage from foreclosure by the complainant. Had he not paid, foreclosure would have been prompt, in 1929, as it was in 1931 when he refused to pay. Had he refused to pay the taxes, foreclosure may have followed, and, to avert that possible event, Litwin, upon the request of the complainant, produced to it annually the tax receipts showing he had paid the tax. There is authority that a second mortgagee paying the tax on the mortgaged premises, in law a superior lien to the first mortgage, to protect his interest and, incidentally, that of the prior mortgagee from extinction, is entitled to be subrogated to the municipal lien. Schatt v. Grosch, 31 N.J. Eq. 199; Fiacre v. Chapman, 32 N.J. Eq. 463; Farmer v. *Page 10 Ward, 75 N.J. Eq. 33. But where, as here, the second mortgagee in possession, personally or by receiver, pending the foreclosure of his mortgage and in the expectation of acquiring the fee by sale in his suit, pays the tax to quiet the first mortgagee and assures it by acquittances from the municipality that no paramount lien impends, it is making bold to assert a right of subrogation. Equitable subrogation is purely an invention of this court to accomplish justice. It does not obtain where harm would result. Litwin, as second mortgagee, paying the taxes, comes within the general rule, but he is at once met and overcome by another equitable doctrine, that of estoppel, he having represented that the taxes were discharged as against the complainant's mortgage.
The counter-claim will be dismissed.