Complainant seeks to foreclose two mortgages made and recorded in 1908 and to impress a lien on certain funds in the hands of the sheriff of Cumberland county prior to a levy made thereon under execution issued on a judgment obtained by one Beulah B. Doane against the mortgagor, Howard Brooks. *Page 139 
Decree pro confesso against all defendants, with the exception of Doane, has been taken, and Doane has filed an answer which complainant seeks to strike. The parties have stipulated that the question for determination under the motion to strike is "whether the lien of the defendant Beulah B. Doane created by a sheriff's levy dated June 6th, 1936, resulting from a judgment obtained by her against Howard Brooks, is prior to the rights of the complainant in the judgment obtained by Howard Brooks against Milton L. Lahn, or whether the converse of this situation is true."
I will, for the purpose of this opinion, consider the judgment proceeds, the subject of the controversy, as if now in the hands of the sheriff, disregarding a factual situation in reference thereto, which does not enter into the merits of the discussion.
The facts giving rise to the question for decision were that one Lahn destroyed a dwelling situate on the mortgaged premises belonging to Brooks; that Brooks, the mortgagor, recovered a judgment against Lahn for the amount of damage occasioned by the destruction aforesaid, and the sheriff now has in his hands moneys as a result of a levy under the judgment. These moneys were, in turn, levied upon by Doane by virtue of a judgment she had obtained against Brooks, the mortgagor.
It is unquestionably the law that upon the happening of the destruction of the dwelling under the circumstances herein, both the mortgagor and mortgagee had a cause of action against the trespasser. The mortgagor became entitled to recover the entire damage done to the building and the lands upon which it was erected, and recovery thereof before suit by the mortgagee would constitute a bar to a subsequent suit by the mortgagee. Elvins
v. Delaware and Atlantic Telephone Co., 63 N.J. Law 243.
The mortgagee's recovery in a prior suit by him would be "such a sum as will compensate him for the injury done to the mortgage as a security," and in a suit by the mortgagor against the trespasser, the latter would be entitled to mitigate the damages by evidence of a recovery in a former suit *Page 140 
by the mortgagee. Elvins v. Delaware and Atlantic TelephoneCo., supra.
It will be noticed that under the above authority the measure of damages in a suit by the mortgagee would not be the depreciation of the market value of the premises, but diminution of the value of the security. See, also, Schalk v. Kingsley,42 N.J. Law 32; Jackson ads. Turrell, 39 N.J. Law 329. In theJackson ads. Turrell Case it would appear that the court considered the damages awarded as "the fund" to which the lien of the mortgage was attached.
In Elvins v. Delaware and Atlantic Telephone Co., supra, it is pointed out that in the event of a recovery by the mortgagor in a law court, that tribunal "will exert its equitable powers to control the disposition of the fund so that no injustice may be done."
The funds collected on the Brooks judgment against Lahn represent the entire damage suffered by Brooks and include therein damages to complainant as a mortgagee to the extent his security was diminished.
Complainant, mortgagee, is barred by the Brooks judgment from a recovery against Lahn, the trespasser. Complainant must look to this fund or be deprived of compensation for her loss.
In equity, the fund in the hands of the sheriff, to the extent of the mortgagee's damage to her security, stands in the place of the demolished building. The mortgagee was entitled to the building as part of her security and is now entitled to look to the fund in the hands of the sheriff as converted into its original form. All the judgment creditor of Brooks, the mortgagor, levied upon was the interest Brooks had in that fund and that interest was only as to any surplus moneys over and above that which reimbursed complainant for her loss of her mortgage security.
In re Cicire, 9 N.J. Mis. R. 977; 156 Atl. Rep. 418, dealt with this principle in dealing with proceeds of fire insurance and held against creditors who sought the fund, holding that the insurance moneys were "the cash performance of a personal contract, clearly not land and buildings," and that being *Page 141 
so, the doctrine of equitable conversion could not apply, and pointed out that, "ordinarily the doctrine of equitable conversion is applied merely to reconvert, in the eye of the law, into its original form, that which the applicant was first entitled to."
In the instant case the original form of the judgment proceeds, levied on under the Doane judgment, was real estate and only liable for defendant's debts after complainant's mortgage debt had been satisfied.
However, complainant, on sale under a foreclosure decree, may realize the full amount of the mortgage debt. If so, it would be inequitable to deprive the judgment creditor of his levy.
I assume, but do not know to be a fact, that the damages assessed in the law court represented simply the value of the destroyed dwelling. If so, that edifice being a part of the real estate, the damages represent the amount of depreciation in complainant's security, but if additional items are included in the amount of such judgment, such as damage to the remaining freehold, destruction of furniture, c., complainant, of course, would have no lien thereon. On this point I assume counsel may agree but if not, it would seem that complainant is entitled to proceed to sale under a foreclosure decree and in the meantime restraint be continued so that after sale this question may be litigated.
The result is that the question submitted by stipulation as being "dispositive of the motion to strike the answer and separate defenses" is answered by holding, as I do, that the lien of defendant's levy is subject to the lien of complainant's mortgage, to the extent that it may be found the proceeds of the judgment represent the amount of damage sustained by complainant under the rule as to the measure thereof, as heretofore stated.
It might be well to add that it is quite apparent that the first defense should be stricken, as well as the second, third and fourth.
Defendant will be permitted, if desirable, to put in the question as to whether the entire amount of the judgment is subject to complainant's lien, as herein indicated. *Page 142