**FOULKE et al. v. C. PARDEE WORKS.**
No. E. R. 235.

District Court, D. New Jersey.
Aug. 20, 1940.

Pitney, Hardin & Skinner, by John R. Hardin, Jr., all of Newark, N. J., for the receiver, Alexander T. Schenck.

Child, Riker, Marsh & Shipman, by Irving Riker, all of Newark, N. J., for Girard Trust Co., as trustee, etc.,

Joseph F. Deegan, of Perth Amboy, N. J., for City of Perth Amboy, N. J.

WALKER, District Judge.

1. On January 22, 1940, an order was entered directing the receiver to sell the intangible property of The C. Pardee Works (hereinafter referred to as "Pardee"), excluding all cash on hand and on deposit and books of accounting, but including without limitation the following:

"Parcel 1—Claim of The C. Pardee Works against Pardee-Matawan Tile Co., amount $84,684.00.

"Claim of The C. Pardee Works against Blackwood Coal & Coke Co., amount $396,488.52

"Claim of The C. Pardee Works against Roaring Fork Railway Co., amount $2,473.98

"Stock of Pardee-Matawan Tile Co., amount $8,180.00.

"Parcel 2—All accounts receivable which shall be due and owing to The C. Pardee Works, or to me as receiver, at the time of said sale.

"Parcel 3—All good will of The C. Pardee Works and rights, if any, to use of the name."

2. On February 26, 1940, the report of the sale of each parcel was filed and shows:

"The highest unconditional and unqualified bids received were made by Ario Pardee:

Parcel 1 — $2,500.00
Parcel 2 —    400.00
Parcel 3 —     50.00

"The City of Perth Amboy made the following conditional or qualified bids:

"Parcel 1—$11,500 to be paid by the surrender of claims of the City of Perth Amboy against Pardee for delinquent personal property taxes, excluding any personal property taxes which are a part of the receiver's administration expenses.

"Parcel 2—$2,100.00, to be paid by the surrender of claims of the City of Perth Amboy against Pardee for delinquent personal property taxes, excluding any personal property taxes which are a part of the receiver's administration expenses."

3. The receiver of Pardee and Girard Trust Company, as trustee, under indenture of mortgage of The C. Pardee Works dated July 1, 1935, and supplemental indenture dated November 30, 1935, move confirmation of the Ario Pardee bids and oppose confirmation of the conditional or qualified bids of the City of Perth Amboy.

4. The City of Perth Amboy moves confirmation of its qualified or conditional bids and opposes confirmation of the Ario Pardee bids.

5. The United States Government (Collector of Internal Revenue, 5th District of New Jersey) has a preferred claim against Pardee for income taxes due in the sum of $6,403.17, with interest at 6% per annum from May 17, 1933, on $5,431.37, and the fund in the hands of the receiver is insufficient to pay same in full.

6. The bill of complaint was filed herein on March 1, 1938, and alleges that, while the total assets of Pardee exceed its total liabilities, the then value of the assets were substantially less that the amount shown, and what could be realized therefor was doubtful, that while the total assets exceed the aggregate amount of liabilities, Pardee was without sufficient funds to pay its obligations as they matured in the regular course of business; its borrowing power was restricted; it was unable to obtain funds to meet its obligations, and its property could be preserved for equitable distribution only by the intervention of this court and the granting of equitable relief, including the appointment of a receiver or receivers.

7. Pardee, by its answer, admitted all of the allegations contained in the bill and consented to the appointment of a receiver or receivers, and to the granting of the relief prayed for in each and every particular. Receivers were appointed by order dated March 1, 1938, filed on March 1, 1938, and one of the two so appointed is the receiver today.

8. It is therefore necessary to determine whether the claim of the United States for delinquent income taxes is prior to the claim of the City of Perth Amboy for delinquent personal property taxes.

9. Title 31, U.S.C.A. § 191 (R.S. 3466, Compiled Stat. Sec. 6372), reads: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the

deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

■ ▉▉▉ 10. Our first inquiry is directed to whether the word "debts" in Section 191, supra, includes taxes, and Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373, holds that it does, and it is also authority for finding that Pardee made a voluntary assignment of its property within the meaning of said section by answering and joining in the prayer of the complaint, that is, it cooperated with the plaintiff to secure the appointment of receivers to whom it immediataely handed over possession and control of all its property and business, and when its assets turn out to be less than its debts, the creditors are entitled to have them dealt with as a trust fund and distributed among them according to their rights and priorities and under the statute, claims of the United States must first be satisfied. Bramwell v. United States Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368; United States v. Butterworth-Judson Corporation, 269 U.S. 504, 46 S.Ct. 179, 70 L. Ed. 380; Stripe et al. v. United States, 269 U.S. 503, 46 S.Ct. 182, 70 L.Ed. 379; Price v. United States, supra; and Decker v. Decker Bldg. Material Co., 118 N.J.Eq. 177, 178 A. 196.

11. If this Court confirmed the qualified or conditional bids of the City of Perth Amboy, it would thereby enable the City to be the first one satisfied at least to the amount of said bids and this it cannot do, but; before rejecting same it is necessary to consider that the United States Government, finding insufficient moneys in the hands of the receiver to satisfy its claim, will in all probability, proceed against the real estate of Pardee and that when it does, its claim will be paid by the Trustee-Mortgagee in order to save its estate from loss by reason of the superior claim on the part of the Government, and then will Perth Amboy advance to first position among those entitled to priority?

▉▉ 12. The payment of the Government's claim by the trustee-mortgagee will not put the City first among those having priorities because Girard Trust Company, as trustee-mortgagee, is not a stranger or volunteer and, upon payment, it will be subrogated to the same preference in the distribution of the assets of Pardee that the Government would have had but for said payment, and so Perth Amboy remains stationary and must take its turn without being able to circumvent Price v. United States, supra, by the bids· aforesaid. This application of the doctrine of subrogation is predicated upon: Shinn v. Budd, 14 N.J.Eq. 234; Ætna Life Ins. Co. v. Town of Middleport, 124 U.S. 534, 8 S.Ct. 625, 31 L.Ed. 537; In re Baltimore Pearl Hominy Co. (Guaranty Trust Co. of New York v. McKenrick et al.) (2 cases), 4 Cir., 5 F.2d 553; Warranty B. & L. Ass'n, v. Cimirro Const. Co., Inc., et al., 111 N.J.Eq. 8, 160 A. 847.

13. The conditional and qualified bids of the City of Perth Amboy are rejected and so to the question of the adequacy of the Ario Pardee bids.

14. The record discloses that on November 6, 1939, the receiver reported that one, Charles V. Cohen had been designated an appraiser, in accordance with authority conferred on July 24, 1939, and the report of Cohen shows that on October 17, 1939, he estimated the current value of the assets of the receiver of Blackwood Coal & Coke Company at $201,186.49, and the current liabilities at $137,277.10, leaving available for general claims $63,909.39, the total amount of which was $1,724,690.89, and on the basis thereof, he placed the value of the Pardee claim at approximately 3.70% or $11,415.26, and that the claim against Roaring Fork Railroad Co., was without value.

15. On June 12, 1940, the receiver, pursuant to the aforesaid order of July 24, 1939, reported on claim against Pardee-Matawan Tile Co., in the amount of $84,684 and stock of Pardee-Matawan Tile Co., in the amount of $8,180, to the effect that the stock of Pardee-Matawan Tile Co., has no value and Pardee-Matawan Tile Co., will not be able to collect money sufficient to pay its obligations to Pardee.

16. The Court on its own motion attempted to ascertain the value of the Pardee claim against Blackwood Coal & Coke Company, and Joseph L. Osler, the receiver, reports that he is unable to state when the properties can be sold or reorganized and under present conditions,

the only way the receivership can be terminated, is by scrapping the plants, in which case the creditors would get practically nothing on their claims.

17. It is difficult to say whether or not $2,950 is adequate, however, there is real cause to doubt that a higher figure can be realized and because same is the result of public sale, the Court confirms the Ario Pardee bids.

18. The receiver filed his petition and account on March 25, 1940, and his Report with respect to certain parts thereof on June 12, 1940, and the City of Perth Amboy takes exception thereto, charging that it should not be approved until the sales of the intangibles and real property have been confirmed, and that the receiver should be instructed to institute legal proceedings in the the State of Virginia in the matter of "Girard Trust Co. et al. vs. Blackwood Coal & Coke Co., No. 3—Equity", for the purpose of amending the claim now on file with the receiver of the Blackwood Coal & Coke Company, by filing two separate claims: (1) A general claim for the demand note of $300,000, (2) a preferred claim in the sum of $8,520.59, with interest from June 6, 1933 for income taxes paid by The C. Pardee Works for Blackwood Coal & Coke Co. The legal proceedings also to include the right of subrogation of the receiver of Pardee in and to the right of the United States of America against the receiver of the Blackwood Coal & Coke Co.

19. The exceptions are overruled for the following reasons:

(a) The petition and account stand as to the things set forth therein and will be approved as to said things in view of the letter of the receiver to the Court, dated May 27, 1940, attached thereto, and the Report of the receiver with respect thereto filed on June 12, 1940.

(b) The Court cannot direct the receiver to institute legal proceedings for the purpose of amending the claim, by filing two separate claims, without finding that one should be general and the other preferred, and this it does not find. The $8,520.59 paid by Pardee for Blackwood Coal & Coke Co. was on account of additional income tax assessments for the years 1926, 1927 and 1928, and the law in force at that time was Section 240 of the Revenue Act of 1924, and also Section 240 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts pages 44, 191, which was identical, and said Section provided that corporations which were affiliated within the meaning thereof for any taxable year, could make separate returns or under regulations prescribed by the commissioner with the approval of the secretary, make a consolidated return of net income, and when a tax was assessed upon the basis of a consolidated return, it would be computed in the first instance as a unit, and then be assessed upon the respective affiliated corporations in such proportions as agreed upon among them or in the absence of any such agreement, then on the basis of the net income properly assignable to each.

20. Pardee paid the entire tax and relied upon the affiliate for reimbursement, therefore its receiver cannot ask to be subrogated to the rights of the United States of America against Blackwood Coal & Coke Company, because at best, it was a volunteer and not within the rule laid down by the cases hereinbefore set forth and upon which this Court relies in holding that Girard Trust Company, Trustee-Mortgagee, would be subrogated to the rights of the United States Government, when and if it paid income taxes due from Pardee in order to save its estate from loss. The claims of Pardee against Blackwood Coal & Coke Co., are general, however, this finding is only for the purposes herein, namely, passing upon the exception in question.

21. The application of the receiver for a final allowance of $1,250, and the application of the Solicitors for the receiver for a final allowance of $1,250 are granted.

22. The application of Joseph F. Deegan, Esq., solicitor for the City of Perth Amboy, for a first and final allowance in the sum of $2,500 is reduced to the sum of $500, and in said sum is granted.

An order in accordance with the foregoing should be presented.