This is a suit to foreclose a mortgage which is defended only by one John Dughi who is the holder of the second mortgage. While such second mortgagee, he purchased a tax sale certificate covering the premises on December 15th, 1937, and also paid taxes on the premises for the years 1937 and 1938. He contends that these items are paramount to the lien of complainant's mortgage. During all the time involved this mortgage was in default.
Defendant Dughi had been acting as agent of the owner and of Paoli.
On January 30th, 1939, the owner entered into a lease with a cleaning and dyeing company for a period of one year, *Page 354 
expiring January 31st, 1940. The tenant did not vacate at the end of the year but stayed over into the month of February, thereby, it was contended, becoming liable for another year's rental at the rate of $840 a year. The owner also claimed that the tenant had committed waste to the amount of several thousand dollars. In addition to the second mortgage she was obligated to Dughi to a considerable amount. She assigned her claims against the tenant to him and he brought suit thereon in her name. This suit was settled for the sum of $400, but before the payment was made, a receiver, under the mortgage now in foreclosure, was appointed, and he secured an order restraining the payment of the amount of the settlement to Dughi.
The questions now before the court are whether complainant's mortgage is subject to the amount paid for the tax certificate and the two payments of subsequent taxes and whether the rent receiver is entitled to the $400 or any part thereof.
It is the well recognized general rule that neither the owner nor a subsequent encumbrancer can secure a lien prior to an existing mortgage either by purchase at a tax sale or payment of taxes. This is on the theory that such payments are made to protect either the equity of the owner or the subsequent mortgage. Warranty Building and Loan Association v. CimiroConstruction Co., 111 N.J. Eq. 8; Van Winkle v. Fordonski,114 N.J. Eq. 121; Bluestone Building and Loan Association v.Glasser, 117 N.J. Eq. 392. Defendant Dughi so far as the tax sale certificate is concerned relies upon the provisions of the Tax Law, R.S. 54:5-52, which provides that after two years the presumption of regularity and validity of all proceedings in tax sales shall not be questioned except for fraud. However, the evidence at the hearing sufficiently showed fraud to prevent the operation of the two-year limitation.
The evidence clearly showed that complainant was dissatisfied with the status of the mortgage and had been threatening foreclosure. In response to an inquiry as to whether the 1936 taxes had been paid Dughi wrote complainant to the effect that this tax was paid on December 15h, 1937, *Page 355 
whereas in fact, instead of paying the tax he had on that date purchased a tax certificate. The evidence also shows that he had concealed this purchase from Anna Paoli, for whom he was and had been agent in the administration of the property and to whom of course he stood in a position as trustee. Albertson v.Fellows, 45 N.J. Eq. 306; Morris v. Leddy, 111 N.J. Eq. 129.
Having lulled the other interested parties into a false sense of security he cannot now take advantage of his wrongdoing. The claims based on the tax certificate and tax payments will be held subordinate to the lien of complainant's mortgage.
A different question is raised as to the $400. Under the new New Jersey conception of the nature of a mortgage, title remains in the mortgagor and he is entitled to all incidents of ownership including the right to receive rent. It is only upon the mortgagee taking possession or the appointment of a receiver that the right of the mortgagee to receive rent begins. Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86. It is otherwise with a claim for waste which is an impairment of the security itself.Jackson v. Turrell, 39 N.J. Law 329; Jersey City v. Kiernan,50 N.J. Law 246; Tate v. Field, 57 N.J. Eq. 632; Garrow v.Brooks, 123 N.J. Eq. 138; 41 Corp. Jur. 652; Camden Trust Co.
v. Handle, 130 N.J. Eq. 125. Complainant is entitled to so much of the $400 as represents the claim for waste and defendant Dughi is entitled to so much as represents rent. The settlement did not differentiate between how much was apportioned to each of these factors; but was merely a lump sum in settlement of all claims which were all embodied in different counts of one complaint. The claim for rent as set forth in the complaint was for $840 being one full year's rent, but in fact, approximately six months of the year the premises were leased to other tenants which would reduce the gross of the claim by approximately $600 and was based on what on their face seem to be serious allegations, such as unwarranted removal of partitions, destruction of furnaces and injury to the roof. It would seem, therefore, that the waste was the most serious part of the claim and was an important factor in fixing the amount of the settlement. If it is satisfactory to the parties *Page 356 
involved, I shall consider that of the $400, $200 is to be allocated to the rent claim and go to the defendant John Dughi and the balance allocated to the claim for waste and go to the receiver. Otherwise testimony will have to be taken by a reference.
A decree will be advised in accordance with this opinion.