188 N.J. Super. 482 (1983)
457 A.2d 1211
CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, A FEDERALLY CHARTERED SAVINGS AND LOAN ASSOCIATION, PLAINTIFF-APPELLANT,
v.
BENJAMIN JACOBS AND CLARA JACOBS, HIS WIFE, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1983.
Decided February 10, 1983.
*484 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Thomas W. Sweet argued the cause for appellant (Ravin, Davis & Sweet, attorneys).
Ben J. Slavitt argued the cause for respondents (Slavitt, Fish & Cowen, attorneys; Martin H. Cowen, on the brief).
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
The issue raised by this appeal is whether a mortgagee which obtains a judgment of foreclosure can be compelled to take possession of the property and maintain same before the Sheriff's sale. The Chancery Division judge ordered plaintiff to take possession as of January 19, 1983. We previously stayed that order. We now reverse the order of possession.
A brief review of the procedural background and facts giving rise to this appeal is helpful to a resolution of the pivotal issue. In 1966 Benjamin and Clara Jacobs (defendants) executed a mortgage in favor of the Mohawk Savings and Loan Association (Mohawk). The mortgaged property is a 50-unit residental apartment building located at 60 North Arlington Avenue, East Orange. Plaintiff is the successor in interest by way of merger with Mohawk. Defendants defaulted on their mortgage payments in September 1981 and have not made any payments of interest and principal since that time. As of September 1981 the balance due on the mortgage was $174,617.48. In December 1981 defendants communicated to plaintiff their desire to provide a "deed in lieu of foreclosure." Plaintiff did not respond to this request.
Plaintiff filed a foreclosure action in the Chancery Division, Essex County, on March 4, 1982 seeking foreclosure, possession and appointment of a receiver. The complaint was later amended to name the tenants in possession as additional defendants. Defendants did not answer the complaint and default was entered on April 29, 1982. On October 8, 1982 plaintiff moved to *485 have a receiver of rents appointed pending satisfaction of the mortgage. This motion was denied by the trial judge because plaintiff would soon get its judgment and order for possession. Defendants again offered to provide a deed in lieu of foreclosure, which was refused.
On December 13, 1982 a final judgment was entered in the foreclosure action. Plaintiff was awarded $178,025.04 plus interest from October 1, 1982, and counsel fees of $1,905.25. It was ordered that plaintiff recover possession of the premises. The court directed that the mortgaged property be sold to pay the debt owed plaintiff.
Defendants received the final judgment on December 29, 1982 and subsequently communicated directly and by telephone in early January 1983 with plaintiff's representatives regarding the surrender of possession of the premises. On January 11 or 12, 1983 Dr. Jacobs hand-delivered to counsel for plaintiff the keys to the premises and indicated he "quits, vacates and surrenders possession of the subject premises...." Counsel for plaintiff returned the keys to counsel for defendants and notified defendants that plaintiff would not take "under any circumstances, possession of the Jacobs property."
Defendants then filed an order to show cause directing plaintiff to take possession of the property. Plaintiff offered to move to have the judgment of possession deleted from the final judgment. Plaintiff's application was denied. On January 18, 1983 the court directed plaintiff to take possession and management of the property, effective January 19, 1983. We stayed the order on January 18, 1983 before the parties took any actions pursuant to the order.
Plaintiff argues that "[t]he count for possession in the complaint and the right to possession in the final judgment were not required for the successful foreclosure of the subject mortgage. They were included in this foreclosure action as a convenience to the mortgagee or the purchaser at the Essex County Sheriff's sale and were not designed to benefit the mortgagors, Dr. and *486 Mrs. Jacobs. The trial court should have granted the mortgagee's cross-motion and deleted the possession portion of the final judgment. The mortgagors possessed no legal or equitable grounds to use the portion of the final judgment concerning possession to burden the mortgagee with unwanted possession of the mortgaged premises. In permitting the mortgagors to succeed in this ploy, the trial court committed reversible error."
It is well established that prior to default, a mortgagor has the exclusive right of possession and all the incidents thereof. He is the owner of the land and has the right to receive the rents, issues and profits. See Sears, Roebuck & Co. v. Camp, 124 N.J. Eq. 403 (E. & A. 1938); Feldman v. Urban Commercial, Inc., 64 N.J. Super. 364, 373 (Ch.Div. 1960); 29 N.J.Practice (Cunningham & Tischler, Law of Mortgages), § 161 (1975). Once the mortgagor defaults in performance, the mortgagee has the right of possession subject to the owner's equity of redemption. 29 N.J.Practice, op. cit., § 171 at 764; Sears, Roebuck, supra; Kirkeby Corp. v. Cross Bridge Towers, Inc., 91 N.J. Super. 126, 131 (Ch.Div. 1966). The mortgagee is not required to assert his right to possession. He must take affirmative action to acquire possession, which can be achieved in the foreclosure proceeding. See 30 N.J.Practice, op. cit., § 191 at 22. Alternatively, the action for possession may be brought by the purchaser at the foreclosure sale after foreclosure is completed. Normally the action is joined with the foreclosure action (R. 4:27-1) for the convenience of the purchaser. It has been said that "a prudent attorney will add a second count for possession of the lands." Id., § 241 at 117. Many, if not most, complaints include this request. See, e.g., Guttenburg S. & L. Ass'n v. Rivera, 85 N.J. 617, 620 (1981).
Even though plaintiff's complaint in foreclosure demanded possession and the final judgment granted it possession, plaintiff still did not have actual possession. The final judgment merely acknowledged plaintiff's legal right to possession in case it chose to exercise that right. Plaintiff took no affirmative action to *487 convert the legal right of possession to actual possession. No authority has been called to our attention, and our independent research has revealed none, which compels plaintiff to exercise its right to possession. We agree that plaintiff's position is similar to that of a judgment creditor. The debtor-mortgagor cannot compel the creditor-mortgagee to exercise options belonging only to the creditor-mortgagee, absent special circumstances that are not here involved. The order directing plaintiff to take possession and maintain the property violated the strong policy in favor of leaving the mortgagor in possession pending the sheriff's sale. See 4 American Law of Property, § 16.97 at 184 (1952).
We agree with plaintiff's contention that the order under review burdens rather than benefits it because the property is an economic liability. Plaintiff does not want nor did it intend to take possession, and the Federal Savings and Loan Insurance Corporation (FSLIC) instructed plaintiff not to take possession.[1] The burden on plaintiff is obvious. If plaintiff has to take possession, it must act as a prudent owner and be subject to negligence actions as well as municipal prosecution for failure to conform to housing codes, health and safety ordinances. See 30 N.J. Practice, op. cit., § 195 at 48. This places an onerous burden on plaintiff which otherwise would have been on defendants. Although defendants always could have abandoned the property, they still would have been subject to municipal violations. Moreover, defendants were primarily responsible as owners for maintaining the property and should not be allowed to benefit from the foreclosure at the expense of plaintiff. Prior to foreclosure sale they still have an interest as owners of the equity of redemption, although arguably they have no motivation to maintain the property and have indicated their desire to surrender possession and title.
*488 Consequently, we hold that the order dated January 18, 1983 was improvidently granted. The said order is hereby vacated.
NOTES
[1] Plaintiff merged with Mohawk under the auspices of FSLIC and followed its direction in foreclosing on the property.