244 N.J. Super. 503 (1990)
582 A.2d 1271
ROBERT MCCORRISTIN AND SHEILA MCCORRISTIN, PLAINTIFFS-APPELLANTS,
v.
SALMON SIGNS T/A JOHN DOE OWNER AND/OR JOHN DOE CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 22, 1990.
Decided November 28, 1990.
*505 Before Judges PETRELLA, MUIR, Jr., and BROCHIN.
Stephen B. Patrick, attorney for appellants.
No brief was filed by respondent.
No other parties participated in this appeal.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The issue in this appeal is whether the mortgagees of property, which has been the subject of waste or damage, have sufficient legal or equitable interest in the mortgaged property to give them standing to sue a third party for damages to the mortgaged property. The Law Division Judge concluded on defendant's summary judgment motion that the mortgagees had to have legal title, not equitable title, at the time the cause of action accrued, and dismissed their complaint. We reverse and remand for trial.
Robert and Sheila McCorristin instituted suit for damages against defendant Salmon Signs (Salmon) on November 3, 1988.[1] They alleged in their complaint that on or about March 11, 1988, Salmon bolted an advertising sign through the aluminum siding and plaster of a building on their property in Millville, New Jersey to hang banners advertising a South Jersey Symphony concert. The complaint alleged that not only *506 had damage been done to the siding and plaster by defendant, but that the facia board was dislodged.
The plaintiffs had owned the property, but on October 30, 1984, sold it to P & A Investment, Inc., a New Jersey corporation (P & A Investment), and took back three mortgages, secured by notes. Two of the mortgages were taken in the individual names of the plaintiffs. The third was in the name of their wholly owned New Jersey corporation, McCorristin's Holly House, Inc. The mortgages and mortgage notes provided that in the event any monthly installment of interest or principle remained unpaid for 30 days, or in the event of other defaults, the mortgagee had the option to accelerate the outstanding principle balance and interest.[2]
On or about January 10, 1987 and February 10, 1987, P & A Investment[3] was in default in payment on the mortgage notes. It is not clear from the record whether Salmon was either a tenant in the building at the time or was merely in the process, with or without permission, of erecting banners on the building to advertise a concert. It was the placement of these signs that allegedly damaged the building.
Foreclosure proceedings were eventually instituted in the Chancery Division. We are not advised of the date they were first instituted. However, on March 31, 1988, plaintiffs filed an amended complaint in foreclosure against the title owners and various lienholders. Salmon was not named as a defendant in the foreclosure proceedings. In the amended foreclosure complaint, plaintiffs alleged that they then had physical possession of the property which was abandoned by the title owners. Plaintiffs also alleged that they had paid the insurance and *507 were responsible for the physical maintenance of the property from January 10, 1987 to the present.
As noted, the damage to the property allegedly inflicted by Salmon was said to have occurred on March 11, 1988. A lis pendens was recorded on April 11, 1988, by plaintiffs and McCorristin's Holly House, Inc. with regard to the mortgaged property.
Plaintiffs' separate Law Division complaint against the defendants (which is the subject of this appeal) was thereafter filed on November 3, 1988. A judgment of foreclosure on the property was entered on September 21, 1989. On November 28, 1989, plaintiffs purchased the property at a public auction and received a sheriff's deed.
On February 16, 1990, defendant Salmon in the present action moved in the Law Division action for summary judgment. In a February 16, 1990 oral decision the judge granted defendant's motion for summary judgment on the ground that plaintiffs were not the title owners of the property at the time the cause of action accrued, presumably referring to March 11, 1988. He thus reasoned that the McCorristins had no standing to sue and that their only recourse would be to get an assignment from the title owner of the property of its cause of action. An order granting summary judgment was entered on March 1, 1990. This appeal followed.
It appears that neither party cited any case law to support their respective positions at the trial court level. This is obviously the duty and responsibility in the first instance of trial counsel. Nor was the judge asked to take judicial notice of what happened in the foreclosure action, see Evid.R. 9, although plaintiffs' opposing brief on the summary judgment motion stated that not only had the foreclosure proceedings resulted in plaintiffs becoming legal owners again, but that plaintiffs had been in possession of the property under the mortgage terms since January 10, 1987. Plaintiffs' affidavit verified the facts in their brief.
*508 It is true that prior to default, a mortgagor has the exclusive right of possession and all of the incidents related thereto. See, e.g., City Federal Sav. & Loan Ass'n. v. Jacobs, 188 N.J. Super. 482, 486, 457 A.2d 1211 (App.Div. 1983), certif. den. 97 N.J. 691, 483 A.2d 202 (1984). After default, however, a mortgagee has the right of possession, subject to the mortgagor's equity of redemption. Guttenberg Sav. & Loan Ass'n. v. Rivera, 85 N.J. 617, 428 A.2d 1289 (1981). The mortgagee is not the owner of the property unless there is a foreclosure and sale to the mortgagee. Id. at 630, 428 A.2d 1289. Not only did the mortgagee have the right not to have his security impaired, and to protect that right in the absence of the mortgagor taking action, but it is clear from the foreclosure proceeding that prior to filing the March 31, 1988 amended complaint plaintiffs had obtained physical possession of the property. Plaintiffs averred they had possession since January 10, 1987. Plaintiffs also asserted that they had physical possession as of the date they filed their November 3, 1988 complaint against Salmon.
Moreover, both the September 21, 1989 judgment of foreclosure and the November 28, 1989 sheriff's deed to plaintiffs preceded the judge's February 16, 1990 decision dismissing the complaint and in these circumstances confirmed plaintiffs' entitlement to possession. We conclude that the judge erred in dismissing plaintiffs' complaint.
There is little reason in logic or equity to preclude a mortgagee lawfully in possession from asserting a claim for waste or damage to the mortgaged property against the party that has caused the waste or damage, whether the owner, a tenant or a third party. Even if the mortgagee is not in possession, if the waste or damage to the mortgaged property threatens to impair the mortgagee's security, and the mortgagor has failed or refused either to pursue the claim or to take other steps to avoid prejudicing the mortgagee's interest, the mortgagee has the right to protect his interest by pursuing the claim. See Citizen's Trust Co. of Paterson v. Paoli, 131 N.J. Eq. 353, 25 *509 A.2d 282 (Ch. 1942); 29 N.J.Practice (Cunningham and Tischler on Mortgages), § 161, p 713 (1975 ed.).
In Garrow v. Brooks, 123 N.J. Eq. 138, 196 A. 460 (Ch. 1938), the issue was the priority of the lien of a third party's judgment against the mortgagor as opposed to the lien of the mortgagee. The funds in the hands of the mortgagor levied upon by the third party represented the proceeds of a damage suit by the mortgagor against another party who had burned down the dwelling on the property. The vice-chancellor in Garrow concluded that to the extent the proceeds of the judgment by the mortgagor against the tortfeasors represented an impairment of security the funds due thereunder effectively represented and stood in the place of the demolished building. He held that:
The mortgagee was entitled to the building as part of her security and is now entitled to look to the fund in the hands of the sheriff as converted into its original form. All the judgment creditor of Brooks, the mortgagor, levied upon was the interest Brooks had in that fund and that interest was only as to any surplus monies over and above that which reimbursed complainant for her loss of her mortgage security. [Id. at 140, 196 A. 460].
The opinion had also observed:
It is unquestionably the law that upon the happening of the destruction of the dwelling under the circumstances herein, both the mortgagor and mortgagee had a cause of action against the trespasser. The mortgagor became entitled to recover the entire damage done to the building and the lands upon which it was erected, and recovery thereof before suit by the mortgagee would constitute a bar to a subsequent suit by the mortgagee. Elvins v. Delaware and Atlantic Telephone Co., [63 N.J.L., 243 [43 A. 903] (E. & A. 1899)]. [123 N.J. Eq. at 139, 196 A. 460].
The mortgagee would be barred from suit once the mortgagor sues and recovers against the trespasser.
Once a mortgagee gains possession the mortgagee assumes the responsibility for the management and preservation of the property. Essex Cleaning v. Amato, 127 N.J. Super. 364, 366, 317 A.2d 411 (App.Div. 1974), certif. den. 65 N.J. 575, 325 A.2d 709 (1974). Plaintiffs had standing not only as mortgagees, but at the time the motion was decided they had standing as mortgagees in possession. The trial judge erred in ruling on the defendant's summary judgment motion that plaintiffs *510 did not have standing to sue as a matter of law. Whether or not plaintiffs were the legal owners of record of the mortgaged property on March 11, 1988, the date the alleged cause of action accrued, as mortgagees they had an interest in the property at the time of the loss which would entitle them, at the very least, to recover damages to the extent of the impairment of their security. Jersey City v. Kiernan, 50 N.J.L. 246, 13 A. 170 (Ch. 1888); 495 Corp. v. N.J. Insurance Underwriting Ass'n., 86 N.J. 159, 430 A.2d 203 (1981).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Salmon Signs submitted a letter of nonparticipation in this appeal in which it was asserted that it was "very close to financial bankruptcy" and on that basis was not going to participate in the appeal.
[2] Presumably the mortgage provided other remedies in the event of default. We have not been furnished copies of the mortgage in the record of this appeal.
[3] The officers of P & A Investment, Inc. are said to be in Hong Kong.